Mr. Justice Swayne
delivered tbe opinion of tbe court:
These are cross appeals from the judgment of tbe Court of. Claims.
Baird, as tbe surviving member of tbe firm of M. W. Baldwim & Co., was tbe petitioner; That court gave him a judgment for • $23,750. He appealed, and contends that be is entitled to recover a much larger sum. Tbe United States appealed, and insist that be is entitled to nothing. Tbe finding of facts presents tbe case as it is before us for examination.
On tbe 17th of March, 1864, tbe United States, by their proper officer, ordered Baldwin & Co. to make for them fifteen locomotive-engines “ at the earliest practicable period,” “ to tbe exclusion of all other interests or contracts whatever, it being understood ” that they would be “ indemnified from any damage resulting from a compliance with this order.” It was added: “ In replacing any engines taken from other parties, in filling this order, you are authorized to charge the Government any advance in tbe cost of labor and materials over tbe cost of these on tbe 9th of November, 1863.” On tbe same day Baldwin & Co. replied that they would furnish tbe engines, “ tbe whole number *15 to have precedence of all other work whatever, and to be finished with all possible dispatch, for which,” they said, “ we are to receive $18,917.72 for each engine and Government tax.”
This correspondence constitutes the contract between the parties.
At the date of the order Baldwin & Co. were under a contract to make and deliver to other parties ninety- ght engines. Eighteen of them were finished while the Government work was in progress. Of the remaining eighty, thirty-two were contracted for at fixed .prices, and the remaining forty-eight at contingent prices, to be determined by the cost of labor and materials at the date of delivery. In respect to the forty-eight, the rise of prices was calculated not up to the date of delivery, but up to sixty days before delivery; that is, up to the time at which they would have been delivered, as the petitioner alleged, but for the interposition of the Government..
The Court of Claims found that the abatement thus made by Baldwin & Co. was about $1,250 upon each engine, and that on a settlement with the Galena and Chicago Railroad Company they sustained a specific loss of $5,000 by reason of the delay caused by the execution of the order of the United States.
The Government paid the contract price of the engines, amounting in the aggregate to $292,742.25. There was paid subsequently, on account of the increase in the cost of labor, materials, interest, Sc., in respect of these engines, the further sum of $97,507.76, making the whole sum paid by the United States $390,250.01.
The Court of Claims awarded to the petitioner $1,250 for the abatement of price on each of fifteen engines, which were, “ in fact, pushed out of their place into a period of higher prices than they would otherwise have been built for, by the interposition of the Government,” and the $5,000 lost in the settlement with the Galena and Chicago Railroad Company. The aggregate of these sums is the amount for which the judgment was given. The question presented for our consideration is whether this judgment is wrong as to either of the parties. The examination of the subject renders it necessary to look carefully into the contract in connection with the facts developed in the findings by the court.
The Government was to pay a stipulated sum for each engine and the tax.
*16 This was done.
It was to pay fox any advance in the-price of labor and materials beyond the rates which obtained on the 9th of November, 1863.
This also has been done. Upon these subjects the petition is silent, and that silence concludes the petitioner.
This court has never been strict in applying the rules óf pleading to this class of cases, and has looked to the substantial justice and law of .the case, rather than to the manner in which the questions to be considered are presented, But the allegations and proofs must so far correspond as that the latter shall not wholly depart from the case made in the petition, and introduce demands which the Government had no notice to meet. The rule of correspondence to this extent is vital to the substance of the proceedings, and it is necessary to give to the United States the benefit of the principle of res judicata in cases where they ought to have the protection which it affords.
Baldwin & Co. were to be “ indemnified from any damage resulting from compliance with the order of the Government.”
The petition is confined to a claim arising under this clause of the agreement. It was, .therefore, the only one open for the examination of the Court of Claims, 'and it is the only one before us for consideration.
The $5,000 lost by Baldwin & Co. in the settlement with the Galena and Chicago Company was clearly within the scope of this clause, and was properly allowed by the court below.
It is equally clear that the fifteen engines constructed for the Government displaced and postponed the construction of an equal number under the contracts of Baldwin & Co. with other parties, and subjected them to a loss of $1,250 on each engine so postponed. If the indemnity clause has any meaning or effect, it must be held to include this charge also. We think it was prop.erly allowed by the Court of Claims, and that there is no ground for complaint on the part of the United States. But the court refused to make the like allowance for the residue of the eighty engines. In this the learned counsel for the petitioner insists a gross error was committed, and here lies the stress of the case. The difficulty of arriving at a satisfactory conclusion is increased by the finding of the court that the work upon the whole eighty “ was delayed about two months.” Nevertheless, we think this claim of the petitioner is not well *17 founded. The Court of Claims found that eighteen engines “ were finished for private parties while the Government work was in progress.” In regard to them there was no delay. This shows that the capacity of the establishment was equal to the construction of thirty-three engines at the same time. Baldwin & Co. were to construct eighty for private parties. They agreed to construct for the Government fifteen in addition, and to give them the preference in the order of construction. The additional time necessary to construct the eighty would be the time which it required to construct the additional fifteen for the Government — no more and no less. Suppose when the Government order was completed they had decided not to make the fifteen of the eighty which would have been first put under way if the Government order had not been given 5 then there could have been no postponement except as to those fifteen. The residue of the eighty would have been unaffected as to the time of their completion. Again, if when the Government order was given it had been determined to construct the fifteen displaced and postponed engines last instead of next after those of the Govment, and this purpose had been carried out, then, again, there could have been no delay, except as to the fifteen last constructed.
In the light of these considerations we can come to no other conclusion than that the judgment of the Court of Claims was right in respect to the petitioner, as well as the United States. The allowance of damages was properly limited to fifteen engines, instead of being extended to the eighty in question. The contractors had no right so to conduct their business as unnecessarily to swell their claim for damages. Their duty was in the other direction. Wicker v. Hoppock, (5 Wall., 99.) Nor can the petitioner be permitted now so to shape his demand as to work out improperly the same result. The theory submitted by his counsel is ingenious, but it does not answer the views we have expressed, and it is unsound. We think it is entirely clear that there could have been no delay, and consequently no loss, imputable to the Government beyond what relates to fifteen of the engines ordered by other parties.
Neither party in the argument here objected to $1,250 as the measure of damages to be applied. We have, therefore, not deemed it necessary to consider that subject.
The judgment of the Court of Claims is affirmed.