ITowry, Judge,
delivered the opinion of the court:
Petitioner is a corporation seeking a donation of public money from Congress. On the hearing of a motion of the defendants to require petitioner to file a bill of particulars growing out of a contract with the United States (hereafter to be described), it was expressly stated by counsel for the petitioner that the matter before the court did not relate to “a claim or demand” against the United States, but was specifically an application for a gratuity.
It appears that petitioner entered into a written contract June 27, 1895, to construct, at a cost of $159,951, for the United States, the hull and steam machinery of a composite steam propeller for the Revenue-Cutter Service and to complete the vessel May 1, 1896. The vessel, however, was not completed until September 7, 1897. Petitioner, claiming to have sustained a loss of $133,872.44, procured the introduction of a bill in the Senate for its relief. By the terms of the bill, February 15, 1902, it was proposed to pay the petitioner the sum of its alleged loss in full payment and discharge of “the claims” of said Atlantic Works for work *59 done and material furnished for said vessel. Subsequently, the bill was referred to this court for findings of fact in accordance with the provisions of the act of Congress approved March 3, 1887, 24 Stat., 505; 1 Supp. Eev. Stat., 559.'
From the record before us it appears that much proof in behalf of petitioner has been taken. The defendants’ motion is to require petitioner to file a certified bill of particulars setting forth in detail the character and amount of each of the different items entering into and making up the sums asked for reimbursement of the alleged loss. The grounds of the motion are that the amounts sought comprise a great number of items of cost of alleged extra labor and materials; of loss on account of alleged improperly rejected materials and machinery; and of delay and loss on account of alleged unreasonably rigid inspections on the part of the engineers and inspectors in charge of the work of the Government.
But petitioner objects to the allowance of this motion on the ground, stated at the argument, that it would be impossible to comply with the requirement of the court for the production of a bill of particulars. It says that the cost book showing the cost of material, labor, and general expenses is already on file, with numerous original time books, pay rolls, and vouchers, which cover all the books and documents bearing on the case. By way of argument, petitioner states that a bill of particulars would only be a copy of these pay rolls, time books, and vouchers, and submits that in view of the papers and books already filed a bill of particulars would unnecessarily encumber the record and impose on the petitioner an unreasonable expense.
It is alleged in the petition that on account of the unusual and severe tests applied by the Government inspectors to the materials used in the construction of the vessel petitioner was delayed in carrying out its contract; that is, that but for these alleged unusual and severe tests petitioner would and could have carried out its agreement within the contract time. There is no allegation, however, that there was fraud or that these inspectors were actuated by malice or that their conduct amounted to such gross error as to imply improper motive or bad faith. If this allegation be competent to be *60 considered when offered in the form of testimony on the trial — which the court will not now undertake to decide— there is much reason for saying that a bill of particulars should be supplied by the petitioner of the amount alleged to have been lost by it in the execution of its contract. Apparently this allegation presents an immaterial issue.
It is also alleged in the petition that the Government caused delays to the contractor by failing to promptly supply the necessary designs for the work and by making changes in the plans for the construction of the vessel.
Both of these allegations contradict the theory upon which the case was presented at the argument of the motion now before the court. They constitute the statements of grievances rather than an appeal to the bounty of the Government. And yet it was distinctly and expressly stated at the argument by the learned counsel representing petitioner that the matter before the court was to be considered as an application for a donation, and not a petition for a claim, legal or equitable, against the United States.
The statements contained in the petition, however, are in line with the terms of the bill which has been referred to the court* An inspection of the proposed measure discloses the complaint of the petitioner to have been for the payment and discharge of its “ claims ” for work done and materials furnished as per report of a board appointed by the Secretary of the Treasury. It is this bill, then, which gives character to the matter before the court as “ claims ” against the Government and such demands which but for the statute of limitations of six years might be brought under the general jurisdiction created by the first section of the act of March 3, 1887, commonly known as the Tucker Act, and which might (but for the jurisdictional bar of said statute) be reduced to judgment against the United States as “the claims ” are proven to be legal.
The function of a resolution is to transmit a bill providing for the payment of “a claim,” legal or equitable, or a gratuity (except a pension). When the proper resolution is transmitted to the court such action has performed its office and the court must look not to the resolution but to *61 the bill providing for payment to determine what the court must do.
Though the bill referred fixes the character of the “claims” to be investigated, it does not follow that the court’s findings'will disclose the alleged claims to be such demands against the United States as are legal or equitable. The fourteenth section of the act of March 3, 1887, supra, does not restrict the action of the court so to limit the investigation as to make findings disclose legal or equitable claims against the Government. The court is “ to find the facts ” on every bill .properly referred, and under the amendment of .Tune 25, 1910, report “ conclusions ” which may show the bill to be for a mere gratuity. Every issue material to a full investigation must be found and reported — not for the exclusive information of one of the Houses but for the information collectively of Congress. This means an independent investigation by the court of all the facts material to a full understanding of the merits of the matter referred so that the conclusions shall unmistakably show the nature_ and character of the proposed measure to the end that the Congress may not be left in doubt in framing legislation for relief if any be sought further.
The forms of pleading in this court are not of so strict a character as to preclude, even in cases where judgment can be rendered, such judgment as the facts demand. A plain statement of facte is all that is necessary. Wisconsin Central v. United States, 164 U. S., 212, and authorities there cited. This rule does not mean that the statement of the causes of action on the part of the petitioner may be so general as to leave the defendants in doubt as to what must be met. The primary object of a bill of particulars is to prevent surprise, and to that end to put the opposite party upon notice of the items which make up the complaint or the cross action, as the case may be. The court is of opinion that a mere rule of pleading ought not to interfere with the right of one party to a controversy to have a bill of particulars from the other party where that other declares so generally as to create surprise or pleads in such form as to confuse the real issues with respect to the separate demands presented.
*62 The record is too voluminous for a close inspection, but the court has gone far enough into the case now to believe that the motion of the defendants as amended is well taken, and that the petitioner should supply a bill of particulars setting forth in detail the character and amount of each of the different items of alleged extra cost, loss, or damage entering into and making up such part of the demands involved in this case as petitioner claims to have been due to wrong or fault on the part of the officers or agents of the defendants, together with the specific action or inaction of such officers or agents responsible for each of such items of loss.
And likewise the bill of particulars should set forth in detail the items of cost of alleged extra labor and materials, and of loss on account of alleged improperly rejected materials and machinery, and of delay and loss on account of unreasonable inspections on the part of the engineers and inspectors in charge of the work for the Government.
The requirement put upon the petitioner to furnish such a bill of particulars ought to be sustained, not to inflict unreasonable expenditures but because it is properly a necessary expenditure devolving upon a party invoking the jurisdiction of the court under the circumstances disclosed by the pleadings. The court ought to have in detail all the information which the books and papers on file show. If these books and papers do not show the items of expenditure (thereby corroborating the statements of petitioner’s counsel in his oral statement at the argument that it is impossible to show the items of cost in time lost and materials furnished under the contract), then the court should know why it is impossible for the petitioner to supply needed information. If the books and papers on file do show the items of such cost, petitioner should comply with the reasonable requirement to supply a bill of particulars so that defendants may know specificially what they have to meet. Furthermore, the requirement to specify will enable the court to reject incompetent statements — if there be such — without unnecessary labor and delay.
Inasmuch as petitioner by its counsel has stated that a bill of particulars can be gathered from the pay rolls, time books. *63 and vouchers on file, there does not seem to be any merit in the contention that a bill of particulars can not be readily supplied.
As petitioners are rarely subjected here to ordinary costs (pertaining to all courts), it is most reasonable that in a proceeding like this, where no costs will likely be assessed no matter what the result, petitioner should supply a bill of particulars at its expense rather than to put such a burden upon the defendants. It is a burden that defendants ought not to be required to assume where there is no hardship imposed upon petitioner to specify the origin of its alleged losses in all necessary detail.
There is no hardship in requiring any claimant in possession of the items of the claim being prosecuted and of the evidence to sustain the alleged items, if such evidence exists, to file a full and complete bill of particulars. Why should defendants grope in darkness when the petitioning party has accurate knowledge of the items of the demand and the time when they accrued?
In requiring a bill of particulars there is no intent upon the part of the court to exclude from consideration any of the evidence relied on by the petitioner. When the cause is presented on its merits petitioner will have ample opportunity to be heard on all the evidence it may see fit to take. The competency of the evidence will be reserved for the trial on the merits.
Motion sustained.