Hay, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
This is a suit brought by the plaintiff to recover from the United States land-grant deductions on transportation of men of the Arkansas National Guard or Organized Militia of that State, to and from a camp of instruction; and, second, to recover from the defendants deductions made by them, which deductions were made upon the assumption that the defendants had a right under a contract with the plaintiff to the rates of a special tariff of the plaintiff.
*200 As to the first contention of the defendants, it is controlled by the decision of .this court in the case of Alabama Great Southern R. R. Co., 49 C. Cls., 522. That case held that the United States was not entitled to apply land-grant deductions to the transportation of the Organized Militia of the States, for the reason that the Organized Militia or National Guard of the States were not troops of the United States. We think that case was rightly decided and therefore the plaintiff is entitled to recover from the defendants the amount of the land-grant deductions made by them in the settlement of the accounts of the plaintiff with the defendants.
The facts as to the second contention of the defendants are that on the 20th day of July, 1912, the plaintiff made an agreement in writing with the defendants, by which the plaintiff agreed to transport a certain number of officers and men of the Arkansas Organized Militia from certain points on its line of railway to a camp of instruction at the rates set out in detail in said agreement. It was also specified in said agreement as follows: “The above rates are net cash and not subject to further deductions unless it be subsequently found that they are in excess of regular tariff rates, less land-grant or other lawful deductions to which the Government is entitled; then the lower rate will govern in the settlement.” The plaintiff had established a one-way party tariff, issued May 8, 1912, which rate was lower than that provided for in the contract between the parties. Attached to this special rate was this condition: “ Fares shown in this tariff apply only when tickets are purchased before getting-on train.”
The defendants claim that they are entitled to deduct from the claim of the plaintiff the difference between this special rate and the rate agreed upon by the parties in their written agreement, and insist that this rate comes within the meaning of the words “regular tariff rates” mentioned in the contract.
The tariff above referred to was a special tariff. In order to take advantage of it certain conditions had to be complied with. It does not appear that the defendants complied *201 with any of these conditions. The defendants did not apply to the plaintiff for these special rates. On the contrary, with full knowledge, or at least charged with knowledge that there were such rates, the United States chose not to apply for them, but to enter into a written contract with the plaintiff whereby other rates were fixed. It is too late now for the United States to undertake to profit by deducting from the plaintiff’s claim the difference in the rates. It is difficult to understand why The defendants should be given any greater consideration than any other party to a contract. It will not be said that if this same contract had been made with a private individual that he could have broken it, and insisted upon a lower rate, when he had never applied for it, and never even complied with the conditions which were published to the world and which were necessary to be complied with in order that he might benefit by them. The United States is in no better position. Indeed, when the United States enters into a contract they are as much bound by its terms as is an individual. Deming's case, 1 C. Cls., 190, 191; Wilson’s case, 11 id., 513, 520; Southern Pacific Co's case, 28 id., 77; Lyons' case, 30 id., 353, 360; County of Clay v. Society for Savings, 104 U. S., 586. We do not think that the plaintiff should suffer or lose under this contract, and it is entitled to recover the full amount sued for.