Booth, Judge,
reviewing the facts found to be established, delivered the opinion of the court.
The plaintiff company, on the dates mentioned in the findings, by special contract in writing, agreed with the defendants to transport over its own and connecting lines by special train service certain animals, vehicles, camp equipage, and impedimenta belonging to and accompanying troops of the United States. The findings are not disputed, and no issue of fact is raised. The company performed the service to the entire satisfaction of the defendants and presented its bills for the same in accord with the contract terms. The Auditor for the War Department challenged the legality of the rates charged as per contract only as to the animals and vehicles transported, substituting therefor the published tariff rates for ordinary freight-train service, with land-grant deductions therefrom, resulting in a dis-allowance to the plaintiff company of $12,447.69, the amount herein sued for.
The controversy seems to have arisen because of certain limitations applied to land-grant railroads as to collectible transportation rates appearing in the Army appropriation acts of March 3, 1909, 35 Stat., 732, and March 23, 1910, 36 Stat., 256. These special provisions provided for a number of years that land-grant railroads subject to congressional regulation as to rates should be paid “ for the transportation of troops and munitions of war and military supplies and property over such aided roads * * * on the basis of such rate * * * as the Secretary of War shall deem just and reasonable under the foregoing provision, such rate not to exceed 50 per cent of the compensation for such Government transportation as shall at that time be charged to and paid by private parties to any such company for like and similar transportation.”
It is not disputed in the record that the rates specified in the special contract comply with the foregoing statute, and *338 the final reason for deductions was predicated upon a letter addressed to the Comptroller of the Treasury in response to an inquiry propounded to the Secretary, in which he elaborates in detail upon this identical issue, the letter bearing the date of August 5, 1913, two years after the performance of the contract.
We think the manifest error which obviously pursued this settlement from its presentation until the present time lies in the failure to discriminate between the special service furnished the defendants under a special contract therefor and an ordinary shipment in the ordinary and usual way. It is difficult to reconcile a payment for a portion of the transportation service under the contract and a disallowance of the remainder when both were expressly provided for in the special contract. The contract in suit was regular; its authenticity is in nowise disputed; surely it evidences the action of the Secretary \of War with respect thereto, and precludes an assertion made some years later, especially after the plaintiff company has in good faith performed and the defendants accepted the contract service, that the rates in some respect were not fair and reasonable.
The defendants applied to the plaintiff company for rates covering a specialty expedited service, a special train. The rates were furnished, the defendants accepted the terms and conditions of the special contract, and formally executed it through an officer authorized so to do. The plaintiff company performed the service and is entitled to be paid the contract rate therefor. United States v. Andrews, 207 U. S., 229; Bush, Receiver, v. United States, 52 C. Cls., 199.
The case of the Southern Pacific Railroad Co. v. United States, 237 U. S., 202, has, we think, no application to the issue involved herein. The statute quoted hereinbefore applied in terms to the above case. The transportation involved was an ordinary and usual through shipment upon an ordinary bill of lading. The company attempted to segregate the rate charges by an arbitrary application of local instead of through rates, thereby profiting by eliminating the mandatory reduction imposed by law upon the land-grant portion of its lines. In this case the situation is entirety *339 devoid of similarity. The rate and service asked for was special; there was no public service akin to it, the nearest approach being the rates applied for the carriage of excess baggage and express charges, both of which were higher. The making of the rate involved a computation based upon the special services exacted by the defendants, and it is expressly proven that in the final figures quoted land-grant deductions were fully considered. The contract provided that the rates were net cash and subject to deduction only in the event they were in excess of the regular tariff rates for a similar service over land-grant roads or other lawful deductions. This provision of the agreement, supplementary to the statutes, can not apply here to reduce the rates provided in the contract, for, as above stated, the service requested and performed ivas special, and the defendants so recognized it by paying for a portion of the same the contract rates. There is no basis for its invocation. To hold otherwise would subject to departmental supervision every contract for transportation involving special service and would manifestly deter a company from furnishing it, irrespective of its imperative necessity.
Judgment is awarded the plaintiff company in the sum of $12,447.69. It is so ordered.
Hat, Judge; ’Basííws, Judge; and Campbell, Chief Justice, concur.
Downey, Judge, did not hear this case and took no part in its decision.