Per Curiam.
The court does not hold that a railroad company, by issuing or publishing a rate or filing a tariff, can nullify the land-grant laws. We have held, however, that where the Government contracts with reference to a particular service it is bound by its contract. Bush, Rec’r, v. United States, 52 C. Cls., 199. In the instant case the stipulated facts show that plaintiff had published the rates it would charge for the special and expedited service, which was subsequently ordered and rendered. The rates were not published to the public, and the particular service was not required by or applicable to the public. The Government thus had notice of the rates which plaintiff would charge, and it ordered and *169 secured the services without stipulating for any other rates or objecting to the proposed rates. Manifestly the Government could not, and did not, expect that the special services contracted for and secured would be rendered at regular tariff rates. The bill of lading specified that the minimum weight to the car would be 30,000 pounds. We think the effect of the whole transaction was that the parties contracted with reference to said proposed rates.
Judgment for plaintiff in the sum of $4,846.10.