Geaham, Judge,
delivered the opinion of the court.
The facts as found in this case show that special expedited service was requested and performed under the exclusive direction and control of the Government officers, £he trains being run as fast as consistent with safety and having the right of way over ordinary freight trains and frequently over passenger trains; and that at the time this service was requested and performed the plaintiff and some other roads had published and claimed a special rate for such service to the defendant, which fact was well known to the officials of the Government, and no objection was made to said rate at the time of this service.
This case is controlled by the principle enunciated in the Bush, Rec'r. Case, 52 C. Cls., 199, 201, that where the Government contracts with reference to particular service it is bound by its contract. In the case of Southern Pacific R. R. Co. v. United States, 53 C. Cls., 332, 338, the court said:
“The rates were furnished, the defendant accepted the terms and conditions of the special contract, and formally executed it through an officer authorized so to do.”
In the case of Yazoo da Mississippi Valley R. R. Co. v. United States, 54 C. Cls., 165, 168, the court said:
“We have held, however, that where the Government contracts with reference to a particular service it is bound *310 by its contract. Bush, Rec'r, v. United States, 52 C. Cls., 199. In the instant case the stipulated facts show that the plaintiff had published the rates it would charge for the special and expedited service, which was subsequently ordered and rendered. The rates were not published to the public, and the particular service was not required or applicable to the public. The Government thus had notice of the rates which plaintiff would charge, and it ordered and secured the services without stipulating for any other rates or objecting to the proposed rates. Manifestly the Government could not, and did not, expect that the special services contracted for and secured would be rendered at regular tariff rates.”
This view of this case disposes of it and renders it unnecessary to discuss or pass upon the contention of the defendant that camp equipment and impedimenta of troops are baggage, to be transported and paid for as such under the published tariffs of the Southern Pacific Eailroad Co., on whose lines this shipment originated, and the published tariffs of the plaintiff, allowing in special service one baggage car for each 2o persons or the equivalent who have purchased transportation.
Judgment should be, and is, awarded to the plaintiff company in the sum of $32,062, the amount claimed in its petition, and it is so ordered.
Hat, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.