Campbell, Chief Justice,
delivered the opinion of the court:
The plaintiff having performed certain transportation service for the Government, rendered bills therefor, which were audited and allowed. The auditors claimed, however, that the plaintiff was indebted to the United States on account of certain prior bills which had been.rendered to and paid by the disbursing officer. These were claimed to be .excessive or subject to certain deductions before their allow- *349 anee or payment. The deductions were accordingly made from the plaintiff’s later bills, above referred to, over plaintiff’s protest. As stated by plaintiff’s counsel, this suit is ■to recover these’ deductions from plaintiff’s account “ made by the Auditor for the War Department because of alleged overpayments to plaintiff by disbursing quartermasters for the transportation of military impedimenta accompanying movements of bodies of troops.”
The findings of fact show that plaintiff and its connecting carriers performed the service in question under contracts •with the Government which afforded it special benefits not -applicable to the general public. This court has several -times, held that where the Government contracts for railroad transportation at special rates, although there may have been published tariff rates, it is bound by its contract. Bush, Receiver, v. United States, 52 C. Cls., 199; Southern Pacific R. R. Co. v. United States, 53 C. Cls., 332; Yazoo & Mississippi Valley R. R. Co. v. United States, 54 C. Cls., 165; Los Angeles & Salt Lake R. R. Co. v. United States, 55 C. Cls., 305. The court has also been called upon to decide whether certain articles of Government property came within one or another classification. Atchison, Topeka & Santa Fe Ry. Co., No. 33681, decided December 1, 1919; No. 34219, decided January 31, 1921; and No. 34088, decided February 24, 1920; Galveston, Harrisburg & San Antonio Ry. Co., No. 34116, decided October 18, 1920; Yazoo & Mississippi Ry. Co., No. 33834, decided June 28, 1919; Baker, Receiver, Nos. 34688 and 34756, decided June 13, 1921.
The principle announced in the cases mentioned above is controlling here. The deductions from the plaintiff’s bills should not have been made, and the plaintiff is accordingly entitled to recover. Judgment will be rendered in its favor for the sum of $3,164.71.
Hat, Judge; Downet, Judge; and Booth, Judge, concur in this opinion.