*49 MEMORANDUM
BV THE COURT.
The point of origin of the shipments was Louisville, except an item in the rate from Camp Taylor to Louisville, which is not material as regards the question of deductions in the case. The shipments moved by the shortest line between the points of origin and destination, and the rate to the point of destination is made up by a through rate to Hattiesburg, with the addition of the established local tariff rate from Hattiesburg to Camp Shelby, the point of destination.
The equalization agreement provides for deductions from the lawful established rate based upon the route having the longest mileage of land grant. It would seem that the land-grant roads would participate in the proportions of 87 per cent and 13 per cent, but the plaintiff’s insistence is that the agreed division in this case between the land-grant roads is applicable only to the through rate to Hattiesburg; and there is no evidence to the contrary. The applicable percentages of land grant are deducted from these respective proportions of the bill. The view urged that the local rate (called “an arbitrary”) between Hattiesburg and Camp Shelby (the point of destination) is not subject to land-grant deductions is not adopted, but the applicable tariff is based upon 24,000 pounds per car irrespective of actual weight. See Missouri Pac. R. R. Co. case, 56 C. Cls. 341. See also A., T. & S. F. Ry. case, 17 Comp. Dec. 486, decided in 1911.
Judgment for plaintiff in the sum of $10,065.25.