*736 MEMORANDUM BY THE COURT
The plaintiff', eliminating part of its claims, still claims deductions on account of bills G-14043, G-13907, and G-14579. •
The plaintiff, as the last carrier, presented its bill G-14053 to the disbursing quartermaster for $4,047.04, and on his refusal to pay the same restated the bill for $1,751.25. , This amount the disbursing officer paid plaintiff. Later the amount so paid to plaintiff was deducted from a bill of the Railroad Administration by the auditor on account of free *737 baggage. Tlie deduction was not charged against the plaintiff bj^ the Railroad Administration and was not included in the settlement of Ncwember 1, 1920, between plaintiff and the director general. The plaintiff is not seeking to recover the deduction of $1,751.25, but the amount it dropped from its original bill, $2,295.79, when it restated the same at $1,751.25. The plaintiff did not protest at the restatement of bill G-14053, nor does it appear why it was restated. It can not now recover. See Western Pacific R. R. Co. v. United States, ante, p. 67; Southern Pacific R. R. Co. v. United States, ante, p. 36; and Schaff, Receiver, v. United States, ante, p. 102.
The plaintiff performed the service for which bills G-* 13907 and G-14579 Avere. rendered by the Railroad Administration as agent to the auditor for $5,200.67 and $6,462.11, respectively. The auditor deducted $3,280.62 from bill G-13907 and $5,203.25 from bill G-14579 on account of free baggage, these deductions making a total of $8,483.87. These amounts were never received by the Railroad Administration or by the plaintiff. The United States still owes the amounts so deducted, and the plaintiff is entitled to recoATer them. See Missouri Pacific Railway Co. v. United States, 56 C. Cls., 341.
Judgment for plaintiff in the sum of $8,483.87.'