Cajvcpbblb, Chief Justice,
delivered the opinion of the ■court:
The claims set forth in the petition as amended are reduced by the stipulation of the parties. They are here presented in three aspects.
(1) Some of plaintiffs’ bills were reduced by the disbui’s-ing officer to whom they had been presented to adjust them to the basis of an allowance of ISO pounds per man for baggage in accordance with the rulings of the comptroller. Two ■of these bills were thus reduced in the sum of $1,162.34, and payments in that amount were made, Avhich were received by the plaintiffs without objection or protest.
(2) Others of the bills presented to the disbursing officer were forwarded by him to the Auditor for the War Department for direct settlement, who reduced them in the ■aggregate sum of $5,443.10. These deductions were made •on account of the comptroller’s ruling that the Government was entitled to have its military impedimenta moved free .at the rate of one baggage car to every 25 men in the troop movement. Payments were made on this basis, which were received by the plaintiffs without objection or protest of anj^ kind, except as to one small item, and without appeal to the comptroller. (See Finding XII.)
*645 (3) Other bills had been paid by the disbursing officer without deduction on account of the free-baggage rule mentioned, but when these -reached the auditor he applied the rule and suspended the disbursing officer’s accounts on account thereof in the sum of $4,906.08. Deductions in this sum were made from bills of the Railroad Administration, which in the meantime had taken over the said Georgia Railroad. (See Finding XIII.)
(4) As to the deductions mentioned in paragraph (1), this court has held that where bills as rendered have been paid by the disbursing officer and payment received without protest or objection an action can not be maintained for an additional sum claimed to be due, except a valid excuse for not making the- claim earlier be shown. (See Baltimore & Ohio Railroad Co. case, 52 C. Cls. 468; Oregon-Washington Railroad & Navigation Co. case, 255 U. S. 339.) In the circumstances developed in this case we think the rule stated in those cases is applicable.
(5) As to the deductions made by the Auditor for the War Department on the basis of the comptroller’s ruling, this court has held that this ruling was incorrect. (See Missouri Pacific Railroad Co. case, 56 C. Cls. 341.) The bills having been presented in the amounts properly due and having been improperly reduced by the auditor, the plaintiffs’ right of action in this court is not barred by their failure to protest against the erroneous deductions or to appeal to the comptroller. (See St. Louis, Brownsville & Mexico Railway Co. case, decided by the Supreme Court of the United States April 27, 1925, 268 U. S. 169.)
(6) The plaintiffs are entitled to recover on account of the deductions from the Railroad Administration bills in the sum of $4,906.08. In their settlement with the Railroad Administration these claims were excepted, and the plaintiffs’ right to maintain an action recognized. (See Reading Co. ante, p. 131, and Southern Railway Co. case, ante. p. 156.)
Judgment should be rendered for the plaintiffs in the sum of $10,349.18, and it is so ordered.
Gkah:am, Judge; Hat, Judge; Downey, Judge; and Booth, Judge, concur.