Campbell, Chief Justice,
delivered the opinion of the. court:
The petition as amended and the supplemental petitions seek to recover on account of certain deductions made from *249 plaintiffs’ bills for transportation services by either disbursing officers or accounting officers of the Government in settlement of these bills. The basis of the claim is stated in the pleadings to be that the deductions were made “ on the ground that the Government was entitled to the free transportation of 150 pounds of freight per man and to the free use of baggage cars in the proportion of one car to every 25 men ” in the movement of troops and military impedimenta. It has been decided by this court that the Government is not entitled to the free use of a baggage car for each 25 men in the troop movement. See Missouri Pacific Railroad Co. case, 56 C. Cls. 341. The findings of fact set forth an agreement, called “Interterritorial military arrangement,” between the Government and certain transportation companies which was in effect when the services in question were performed and this arrangement regulates the rights of the parties upon the other phase of the claims made in the petition.
The case comes before the court again upon plaintiffs’ motion for a new trial or to amend the findings, which latter is, under the rules, the equivalent of a motion for a new trial. When originally decided there had been decided two cases involving deductions; one of them was for deductions made by an auditor in what is termed “ direct settlement.” See St. Louis, Brownsville & Mexico R. R. Go. case, 59 C. Cls. 82, and the other involved deductions by disbursing officers where protests were stamped on the bills. See Southern Pacific Go. case, 59 C. Cls. 36. See also Western Pacific Go. case, 59 C. Cls. 67. Both kinds of settlements appear in the instant case, and in the judgment rendered on May 4, 1925, the rule announced by the Supreme Court in St. Louis, Brownsville & Mexico Ry. Co., decided April 21, 1925 (268 U. S. 169), was applied to the claims which had been reduced by the auditor. As to the deductions made by disbursing officers the court followed its own ruling in the other two cases just mentioned, which were upon appeal to, but undecided by, the Supreme Court. Since that judgment was rendered, however, the Supreme Court has reversed the judgments in these cases also. See Southern Pacific Co. case, 268 U.S. 263; Western Pacific Co. case, 268 *250 U.S. 271. It must therefore be accepted as settled that where a transportation company’s bill for services performed is presented in the amount correctly due and deductions are made from it by either the accounting officers on direct settlement or by a disbursing officer, the mere receipt by the carrier of the lesser amount, in the absence of facts indicative of acquiescence, will not defeat its right to recover the amount properly due, whether the amount paid by the one or the other of the officials was received under protest or not. This requires the allowance of some items disallowed in the former hearing.
One item insisted upon by the plaintiffs is that deductions to the amount of $1,402.40 were made from its bill No. 50011, the court’s finding being that the deductions were $1,162.34. It appears that there is a stipulation to the effect that this item claimed in the petition should be $1,236.59, it also being said that the stipulation is based upon the reports of the Treasury Department and-the accounting office. It is needless to repeat what has so often been said that the court does not hesitate- to look into the evidence in the case, even though a stipulation be filed. The suggestion in the stipulation that the figures were based upon the reports not only authorized an axamination of the record, if such authorization was necessary, but it invited the same. The conclusion reached was that the proper amount was $1,162.34 and not $1,236.59. The court’s finding is confirmed by a report made by the Comptroller General’s office in answer to the court’s request for the correct figures. One small item stated as a deduction of $99.21, involving a shipment from Sunbury, it is properly stipulated by plaintiffs, should be $94.96, making a difference of $4.25. This small amount is referable to an erroneous rate charge, and deducting it from the amount shown by the Comptroller General’s report and from the evidence in the record as the court construed it, the court’s conclusion is found to be correct. This sum of $1,162.34 includes an item of $180.81, which in the stipulation is “ withdrawn from the case without prejudice.” Deducting this item leaves $981.53 as the recoverable amount.
*251 Under the cases already cited plaintiffs are entitled to recover the deduction of $1,006.70, under bill 46429. Whether, if a protest was necessary, the fact that the payment offered was certified to be correct and accepted “ pending definite advice from the Railroad Administration regarding checkable baggage ” would amount to a protest at all is not material. For the items mentioned in Finding XII plaintiffs should recover. See Missouri Pacific case, supra. They should also recover the sum of $4,906.08 deducted from Railroad Administration bills. The facts bring these items within the decision of Beading Company case, No. 34747, 60 C. Cls. 131, and Southern Ry. Co. case, No. B-118, decided January 5, 1925, 60 C. Cls. 156. The two items in restated bill 48584A, one of which is allowed and the other disallowed, illustrate that the interterritorial arrangement allows recovery for transporting certain property, but does not authorize recovery for “ checkable baggage ” to the weight mentioned.
Judgment will be rendered in favor of plaintiffs in the sum of $12,379.97. And it is so ordered.
Graham, Judge; Hay, Judge; Downey, Judge; and Booth, Judge, concur.