Campbell, Chief Justice,
delivered the opinion of the court:
The plaintiff and its connecting carriers during the year 1917, and again during the years 1920 and 1921, transported large amounts of armor plate for the Government from points in the East to Mare Island or other places in California. The principal question arises upon the applicability of certain rates, the contention of the Government being that commodity rates specified in the tariff should be applied and the plaintiff urging that as to part of the shipments, those made in 1917, a contract rate for the transportation was made, and as to the later shipments, those made in 1920 and 1921, a class rate and not the commodity rate was applicable.
The facts show that before making the shipment of armor plate in 1917 the officers in charge sought special rates from the carriers. The weights of the armor plates were very large, different pieces ranging from 56,750 pounds to 131,000 pounds, and none less than 10,000 pounds in weight. Their proper handling and transportation involved specially constructed cribs and alterations in the cars. These cars after discharging the armor plate were to be returned to the point of origin of the shipment in their altered condition, and thus on the return trip would not produce revenue. Rates were quoted by the carriers which were accepted. This court has held that a special rate may be agreed upon for the transcontinental carriage of armor plate, and that the commodity rate upon “iron and steel articles” is not in such case to be applied. See Atchison, Topeka & Santa Fe Ry. case, 59 C. Cls. 275, 288. As we there said: “ In the instant case, however, there was an agreed rate for a special service. See Missouri Pacific R. R. case, 56 C. Cls. 341.” The bills rendered for this service were based upon the agreed rates and were paid. Afterwards deductions were made by the *655 accounting officers from bills of the Railroad Administration and from other bills of plaintiff for other services because the accounting officers held that the commodity rates should have been applied instead of the agreed special rate. The deductions made from the Railroad Administration bills were subsequently accounted for and settled (except in an instance to be later mentioned) between the Railroad Administration and the plaintiff. For these deductions the plaintiff is entitled to recover. See Pere Marquette Co. case, 270 U. S. 320, 337. The exception just referred to is an item of $3,221.85 deducted from Railroad Administration bills, but not charged to plaintiff. For some unexplained reason this sum, divided into two items, was charged on the books of the Railroad Administration to two other companies, one of these items to each. Without showing that it has accounted for them to the Railroad Administration the plaintiff can not recover the amount. Its bill was paid originally in full, and if the Railroad Administration has not required reimbursement on account of the deductions it is plain that plaintiff has not lost anything. To the extent it has made such reimbursement or accounting it is entitled to recover.
The shipments of armor plate made in 1920 and 1921 were not upon any agreed rate as the earlier shipments had been, and upon the bills for these the accounting officers applied the commodity rate fixed in the tariff for “ iron and steel articles,” but this same tariff provided that this commodity rate would not apply to armor plate and certain other articles and that as to those a class rate would be applied. In view of the unusual character of armor plate shipments and the necessity already adverted to of specially arranged cars, and in view also of the saving note in the tariff itself, we think the class rate and not the commodity rate was applicable. See Atchison, Topeka & Santa Fe Ry. case, supra, pp. 287, 288. The plaintiff presented its bills from time to time to the disbursing officers or for direct settlement, but restated them on the basis of commodity rates because the disbursing officer or the auditor, as the case might be, would not recognize a right to apply a class rate to the armor plate shipment. In each case plaintiff protested against be *656 ing required to accept the commodity rate (except in the case of one bill to be noted). One of its bills for transporting armor plate was presented at commodity rates. Whether it was a restated bill or not does not definitely appear. The bill was paid by the disbursing officer as presented and if does not appear that plaintiff protested or otherwise objected. Subsequently, however, the plaintiff filed with the accounting officers a supplemental bill claiming the shipment should take a class rate and not the commodity rate actually paid. The supplemental bill was considered by the accounting office and some correction in and addition to the amount of it was made, but no change was made in the classification. The question arises whether this is sufficient to take this item out of the general and established rule that bills paid as presented where payment is accepted without protest or objection may conclude a party from any further assertion of claim under them. See Southern Pacific Co. case, 268 U. S. 263, 268. The item in question was presented, however, by supplemental bill and was given consideration. The settlement was not treated as concluded, but was in effect treated as an unsettled matter and reopened in the accounting office. In these circumstances we think the facts refute any idea of acquiescence. See St. Louis, Brownsville & Mexico Ry. case, 268 U. S. 169, 177. We think the plaintiff is entitled to recover this item less the amount paid on the supplemental bill.
Our conclusion is that plaintiff should have judgment for the amount of the deductions from its bills and those of the Railroad Administration for the transportation of armor plate in 1917, except the two items adverted to (see Finding VI), where the evidence fails to show that plaintiff has accounted to the Railroad Administration, and to have judgment for the deductions made on account of the application of the commodity rate to the other shipments of armor plate less the amounts paid or allowed to plaintiff by the accounting officers since the deductions were made, the amount of the judgment to be $83,425.82. And it is so ordered.
Moss, Judge; Gkaham, Judge; Hat, Judge; and Booth, Judge, concur.