Campbell, Chief Justice,
delivered the opinion of the court:
There are three items involved in the claim in this case, and as to two of them, $3,453.83 and $480.26, with a deduction to be noted, the plaintiff is clearly entitled to recover. These two items represent the difference between 100 per cent land-grant deduction over part of the route and the 50 per cent land-grant deduction which was applicable under the act of October 6, 1917 (40 Stat. 361). This difference has not been paid. The third item, amounting to $2,215.50, presents a different question. The petition alleges that the *87 amount claimed in the three items “ has not been paid ”, to plaintiff. The stipulation shows that plaintiff presented its bill for $10,636.50 and was paid the full amount. The correct amount on the- basis of 50 per cent land-grant deduction was $10,615.50, or $21.00 less than was actually paid to and received by plaintiff. The Auditor for the War Department reduced the per capita fares and thereby reduced the bill by $2,236.50. This sum was then deducted from accounts due the United States Eailroad Administration for transportation rendered during Federal control.
The matter then stood as follows: Plaintiff had been paid in full, including the item of $2,236.50. The auditor had deducted this amount from the Eailroad Administration bills. The Eailroad Administration made no collection from plaintiff and made no charge against plaintiff. It collected from or charged the sum deducted by the auditor to four other carriers, in varying amounts, who participated in the movement in question. It does not appear from the evidence that plaintiff paid the participating carriers any part of the sum it received from the disbursing officer, which amount, as already said, was the entire bill. Nor does it appear that these “ participating carriers ” have made any demand on plaintiff. For aught that appears in evidence the plaintiff is still in possession of the sum paid to it upon the rendition of its original bill, which sum includes the land-grant based upon 50 per cent and not 100 per cent. In this condition of the record plaintiff is not entitled to recover the item of $2,215.50.
It is established by the decisions of the Supreme Court and of this court that where a railroad company has been paid its bills, and upon the theory that the payments were excessive, deductions to cover the excess have been made by the accounting officers from accounts due the Eailroad Administration during Federal control, the railroad company can sue and recover for these improper deductions after it has accounted to the Railroad Administration in settlement. See Reading Company et al. case, 270 U. S. 320, 60 C. Cls. 131. But ‘the instant case is not brought within the principle of these decided cases. As already *88 stated, plaintiff has been paid, and to allow a recovery upon the present record would amount to a double payment. 'This question was settled by this court in Southern Pacific Co. case, No. 34717, decided December 6,1926, 62 C. Cls. 649. Commenting on the facts developed in that case, we said:
“For some unexplained reason, this sum * * * was ■charged on the books of the Railroad Administration to two ■other companies, one of these items to each. Without showing that it has accounted for them to the Railroad Administration the plaintiff can not recover the amount. Its bill was paid originally in full, and if the Railroad Administration has not required reimbursement on account of the deductions it is plain that plaintiff has not lost anything. 'To the extent it has made such reimbursement or accounting it is entitled to recover.”
We are now asked to go even further than the plaintiff asked in the Southern Pacific Go. case. The court can not revise the settlements between the terminal or the initial carrier on the one hand and its connecting or participating carriers on the other hand so far as their relative rights are concerned, but it can and should say to a plaintiff that it may not receive the entire amount of its bill with proper land-grant deductions and while still holding the amount so received sue to recover a charge made by the Railroad Administration against several participating carriers. We have, therefore, not only a failure of proof upon the only phase presented by the petition, which is that the plaintiff is suing for land-grant deductions allowed by the act of October 6, 1917 (see Baird Oase, 131 U. S., “Appendix ” CYI; 8 C. Cls. 13), but also there is a failure of proof of any accounting by plaintiff to either the Railroad Administration or its connecting carriers for the amount of $2,236.50 received by it.
The plaintiff is entitled to recover the two items first above mentioned, less $21.00 overpaid to it on the third item. As to the amount claimed on the third item, $2,215.50, the petition should be dismissed. And it is so ordered.
Moss, Judge; Geaham, Judge; Hat, Judge; and Booth, Judge, concur.