Campbell, Chief Justice,
delivered the opinion of the court:
There is a stipulation of the facts in this case showing several items of the claim for which plaintiff is entitled to a judgment. A part of the claim, however, presents a question determined by this court in the Southern Pacific Company case, No. 34717, decided December 6, 1926, 62 C. Cls. 649. That question arises upon the following facts:
The plaintiff presented its bill and was paid. Subsequently the Auditor for the War Department, claiming that plaintiff had been overpaid, deducted the amount of the alleged overpayment from certain unsettled accounts of the United States Eailroad Administration. A portion of this amount was paid by the plaintiff to the Eailroad Administration in its final settlement therewith, but a part of the overpayment has not been paid or accounted for by the plaintiff to the Eailroad Administration nor to the United States. This amount, approximately $5,000, was by the Eailroad Administration charged back through certain of its accounts in 1920 to the other Federal lines interested in the bills from which deductions were made. In the Southern Pacific case it was said: “ Without showing that it has accounted for them to the Eailroad Administration, the plaintiff can not recover the amount. Its bill was paid originally in full, and if the Eailroad Administration has not required reimburse *140 ment on account of the deductions it is plain that plaintiff has not lost anything. To the extent it has made such reimbursement it is entitled to recover.” So in this case the ■plaintiff has been paid in full. It has not settled the part of the claim in question with the Railroad Administration, and the charging by the Railroad Administration of the items to ■other parties would not arm the plaintiff with the right to recover in the absence of proof that it has accounted to these other persons for the amount. See Chicago, Burlington & Quincy case, No. C-28, decided this day, ante, p. 83.
Plaintiff is entitled to judgment as shown in the conclusion, but as to the other item, the petition is dismissed.
Moss, Judge; GRAham, Judge; Hay, Judge; and Booth, Judge, concur.