Campbell, Chief Justice,
delivered the opinion of the court:
From the stipulation of facts upon which the case was submitted it appears that the plaintiff “ for itself and other carriers participating in the movements ” furnished transportation to the Army in the months of July, August, and *488 October, 1916. It presented its three several bills for the service upon the basis of proper fares, which the disbursing quartermasters paid as rendered without any deduction therefrom. If this suit was to recover for the service thus rendered in 1916 it would be barred by the statute of limitations of six years, because suit was not brought until March 14, 1923. But, as already said, the bills were paid in the correct amounts and any right to bring or maintain the action must therefore be predicated upon something occurring after the service was rendered and the payment therefor made. To do this it is made to appear that, in auditing the disbursing officer’s accounts, the auditor made certain dis-allowances affecting the bills. As to one of the bills, the amount of the disallowance being $386.88, this amount was deducted in August, 1917, from another of plaintiff’s bills for transportation services rendered by it in April, 1917. The right to sue on account of this deduction arose when it was made in August, 1917, and not when the services were performed and paid for in 1916. As to this item the suit was brought in time, and, the deduction being unauthorized and erroneous, plaintiff is entitled to recover the amount of it.
As to the other two items, however, a different situation is developed. The plaintiff’s lines having passed under Federal control in December, 1917, the accounting officers, in order to secure reimbursement for the amounts which they claimed had been overpaid by the disbursing officers on the two bills, deducted the amount of the alleged overpay-ments from proper bills rendered by the Eailroad Administration for services performed by it during Federal control on the plaintiff’s lines. The amount so deducted from the two bills aggregates $5,102.70. Since the plaintiff was paid in full by the disbursing officer all that was claimed or was due for the services rendered, its right to sue must be predicated upon these subsequent deductions, as already stated. At this juncture it becomes important to call attention to the averments of the petition, which are as follows: “The deductions from Eailroad Administration bills on account of alleged overpayment to petitioner were charged back to *489 petitioner and the Railroad Administration reimbursed itself out of monies otherwise due from said Railroad Administration to petitioner. Petitioner has had a final settlement with the United States Railroad Administration for its use of petitioner’s property during the period of Federal control.” If these averments were sustained by the facts the case would be brought clearly within the rule stated in the Reading et al. ease, 270 U. S. 320, but the stipulated facts do not sustain these averments. On the contrary, they present a materially different case. The Railroad Administration did not charge the deductions made from its own bills against the plaintiff or “ reimburse itself out of monies otherwise due ” to plaintiff, as is alleged. What it did was to charge the amounts that had been deducted in varying sums “ to the railroad administrations of the respective lines participating in the movements,” and, continuing, the stipulation is that the “sum was charged back by said railroad administrations to their respective underlying corporations and by said underlying corporations credited to their respective railroad administrations and reimbursed to them in their respective final settlements.” There is no statement here that the plaintiff has ever been required to refund or repay, or has actually accounted to either the Railroad Administration or to the other carriers for, any part of the deductions so made from the Railroad Administration bills. On the other hand the facts are not only that plaintiff’s bills were paid in full by the disbursing officers, but that the Railroad Administration did not call upon plaintiff for reimbursement. It charged the deductions to “lines participating in the movements ” other than the plaintiff. And the quotation above from the stipulation shows that the amounts were reimbursed to “ the underlying corporations ” in their respective final settlements. What the basis of these “ respective final settlements ” is, or the consideration to the several carriers on account of the charges made against them by the Railroad Administration and which they allowed in settlement, does not appear, nor does it appear that they were not satisfied with the settlement. This action of the Railroad Administration charging the items to them must be *490 treated as if it had their concurrence, since the final settlements were made and there is nothing to show that in these settlements the parties were not recompensed.
In somewhat different form the question has been before the court in several cases. See Southern Pacific Co. case, 62 C. Cls. 649; Chicago, Burlington & Quincy Railroad Co. case, No. C-28, decided February 14, 1927, and Chicago, Milwaukee & St. Paul Railway Co. case, No. C-910, decided February 14,1927 (ante, pp. 83,137). In the last-named case we said: “ In the Southern Pacific case it was said: £ Without showing that it has accounted for them to the Railroad Administration the plaintiff can not recover the amount. Its bill was paid originally in full, and if the Railroad Administration has not required reimbursement on account of the deductions it is plain that plaintiff has not lost anything. To the extent it has made such reimbursement it is entitled to recover.’ So in this case the plaintiff has been paid in full. It has not settled the part of the claim in question with the Railroad Administration, and the charging by the Railroad Administration of the items to other parties would not arm the plaintiff with the right to recover in the absence of proof that it has accounted to these other persons for the amount.”
The case now made is not stronger than those cited. In the Chicago, Burlington & Quincy case, supra, we said: “ The court can not revise the settlements between the terminal or the initial carrier on the one hand and its connecting or participating carriers on the other hand so far as their relative rights are concerned, but it can and should say to a plaintiff that it may not receive the entire amount of its bill * * * and while still holding the amount so received sue to recover a charge made by the Railroad Administration against several participating carriers.” Particularly must this be true in a case where the participating carriers have themselves made “ final settlements ” with the Railroad Administration. We also called attention in the case just cited to the importance of setting forth in the petition the case upon which recovery is sought. The forms of pleading in the Court of Claims are not strict, but liberal. *491 Section 159 of the Judicial Code prescribes a petition and it has been held that “ a plain statement of facts is all that is necessary.” See Atlantic Works case, 46 C. Cls. 57, 61; Little, administrator, case, 19 C. Cls. 323, 330. “But the allegations and proofs must so far correspond as that the latter shall not wholly depart from the case made in the petition, and introduce demands which the Government had no notice to meet. The rule of correspondence to this extent is vital to the substance of the proceedings, and it is necessary to give to the United States the benefit of the principle of res adjudicata in cases where they ought to have the protection which it affords.” See Baird case, 131 U. S. “Appendix ” CVI; 8 C. Cls. 13, 16.
Our conclusion is that the plaintiff should have judgment for the item first above mentioned, and that as to the other two items the petition should be dismissed. And it is so ordered.
Moss, Judge; Graham, Judge; Hay, Judge; and Booth, Judge, concur.