Campbell, Chief Justice,
delivered the opinion of the -court:
The case is before the court upon a stipulation of facts. These present two questions, both of which have been determined in prior cases.
(1) The plaintiff having transported upon Government bills of lading certain shipments of horses, wagons, tents, rations, and other impedimenta, rendered its bills in due course in the amounts of $1,033.32 and $272.52, respectively. The Auditor for the War Department disallowed $968.42 of the first item upon the ground that the Government was entitled to one baggage car free for every 25 men transported, the movement involving the transportation of troops. This deduction was unauthorized. See Missouri Pacific R. R. Co. case, 56 C. Cls. 341; United States v. Reading Co., 270 U. S. 320, 323.
(2) The second item mentioned is on account of transportation furnished by the plaintiff for which it rendered its bill and the same was paid. Afterwards the accounting *578 officers in settling the disbursing officer’s accounts refused to allow the payment because of the ruling of the comptroller that the Government was entitled to one baggage car free for every 25 men transported in a troop movement. To adjust this supposed overpayment, there was deducted from bills of the Eailroad Administration, then having plaintiff’s line under Federal control, the amount of the overpayment, $207.62, and thereafter the plaintiff paid the amount to the Director General of Eailroads. As already said, the deduction by the accounting officers was erroneous, and the settlement between plaintiff and the Eailroad Administration established the former’s right to recover the amount deducted. Reading Co. case, supra.
Plaintiff should have judgment for both items. And it is so ordered.
Moss, Judge/ Hat, Judge; and Booth, Judge, concur.
Graham, Judge, took no part in the decision of this case.