The facts found by the court are reviewed in the opinion.
Campbell, Chief Justice,
delivered the opinion of the court: -
This case was referred to Ewart W. Hobbs as special com- ■ missioner for an ascertainment and report of the facts, and he has reported them, to which there is no exception by either party, and the report of the special commissioner made and filed on the 3d day of November, 1927, is ratified and confirmed by the court.
It appears from the fd,cts reported, as aforesaid, that at various times during the year 1917 the War Department of the United States, upon bills of lading, shipped as freight certain Army impedimenta from various points in the United States to stations on plaintiff’s lines. These bills of lading provided for collection of charges by the final carrier. The plaintiff as such final carrier rendered its bills to the Government, claiming certain amounts due as freight charges. With an exception of two items to be noted the bills were paid by the disbursing officer of the Army, but subsequently the Auditor for the War Department reduced the amounts upon the theory that for each unit of 25 fares paid there was to be furnished one baggage car without extra charge. He accordingly made deductions from amounts due the United States Eailroad Administration sufficient to reduce the amount due plaintiff on the basis of one free car for each 25 men. The amount of these deductions aggregated $3,105.14. This deduction was not authorized and is erroneous. See Missouri Pacific Railroad Co. case, 56 C. Cls. 341; Reading Company case, 270 U. S. 320, 323. The amount stated was charged to plaintiff in the final settlement between it and the Director General of Eailroads and was paid by it to the Director General. It is therefore entitled to recover the amount of these deductions. Reading Company case, supra. In one of the bills a settlement *364 'was made by the Auditor for the War Department deducting $2,842.11 from the bill and allowing and paying the sum of $433.47. .This deduction was also made under the baggage-car rule above stated and was erroneous. The correct charge for the freight service on this item is $3,052.79, from which is to be deducted the amount paid to plaintiff, $433.47, leaving a balance due of $2,619.32 which plaintiff is entitled to recover. Another item of plaintiff’s claim is a deduction of $948.79. This amount was paid to the plaintiff by the disbursing officer; but thereafter the Auditor for the War Department, with the object of reducing the compensation to the free-car basis already mentioned, deducted $948.79 from an amount due the United SM|gs Railroad Administration by the Government. This deduction was not charged by the Railroad Administration to the plaintiff nor has the plaintiff paid the same to the Railroad Administration or to the Government. The claim having been paid, plaintiff can not recover this item. Southern Pacific Co. case, 62 C. Cls. 649, 656; Chicago, Burlington & Quincy Railroad Co. case, 63 C. Cls. 83; Chicago, Milwaukee & St. Paul Railway Company case, 63 C. Cls. 137; Chicago, Milwaukee & St. Paul Railway Company case, 63 C. Cls. 485. The result is that the plaintiff should have judgment for the items of $3,105.14 and $2,619.32, aggregating five thousand seven hundred twenty-four dollars and forty-six cents ($5,724.46), and it is so ordered.
Moss, Judge; Graham, Judge; and Booth, Judge, concur.