(No. 1870— )

WINNEBAGO COUNTY FOREST PRESERVE DISTRICT, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1932.*

T. G. LINDQUIST, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

This claim is for $244.92 for damages caused by destruction of trees of claimant by members of the Illinois National Guard. T. J. Lindquist is County Forester of Winnebago County and has the control and supervision of the Winnebago County Forest Preserve District. In August, 1930, Mr. Lindquist granted the National Guard permission to use a portion of the Forest Preserve District for an overnight camp, by the 122nd Field Artillery, and it was while they were camped there that the trees were destroyed.

The National Guard is a part of the State government, its officers and members being agents of the State when in the lawful discharge of their duties. It does not follow, however, that the State is liable for all damages caused by them. The State is never liable for the torts of its agents unless there is a statute making it so liable. This rule is so universal and has been so often announced by this and other courts that a citation of authorities is deemed unnecessary. There is no statute in this State making the State responsible for the wrongful destruction of property by members of the National Guard. Claimant, however, is not without remedy for any loss it may have sustained by the destruction of. the trees. It was the duty of the officers in charge of the Field Artillery to see that the horses and tents of the men under their command were so placed and supervised that claimant's trees would not be injured, and if they failed to do so such failure was actionable negligence. When officers of the National Guard by wrongful and negligent acts cause injury to the person or property of others they are answerable to the injured party in the courts for the loss sustained by such acts.

Such acts are the acts of the officers and not the State. (*Joos* vs. *Ill. National Guard*, 257 Ill. 138; *Haye* vs. *State*, 5 Ct. Cl. 358; *Kershaw* vs. *State*, 6 Ct. Cl. 387.) There being no statute making the State liable for claims of the character of this one, and the State never being liable for the wrongful conduct of its officers and agents this court is powerless to make an award for the damages claimant alleges it suffered. The claim is therefore denied and the case disallowed.