Booth, Judge,
delivered the opinion of the court.
A single legal issue is presented by this record. The case comes to the court under the following special jurisdictional act:
“ Be it enacted by the Senate and House of Répresenta-tives of the United States of America in Congress assembled, That the claim of the legal representative of George E. Payne, deceased, of New Orleans, Louisiana, for personal property taken by United States officers, and for the crop of sugar sold by the sequestration commissioners, and the net proceeds transferred by them to the Quartermaster’s Department and used for public good, and for the use and occupancy of the plantation of said deceased, taken by United States Army officers and turned over to the United States Treasury agent, and by said agent leased to William Spear for the year 1864, and for the use and occupancy *63 bjr the Freedmen’s Bureau for the year 1865, be, and the same is hereby, referred to the Court of Claims of the United States for adjudication, at the fair and reasonable rental and the value of the property taken and used as aforesaid, on the competent evidence heretofore presented and that may be adduced, any statute of limitations to the contrary notwithstanding: Provided, however, That it be shown to the satisfaction of the court that said George E. Payne did not give any aid or comfort to the late Civil War, but was throughout the war loyal to the Government of the United States.”
It has been uniformly held that statutes of a somewhat-similar character operate only to furnish a forum for the presentation and adjudication of the claims mentioned, and do not by their terms do more than waive the statute of limitations, and thereby enable the plaintiff to assert his right under the law. The peculiar wording of the above statute indicates a legislative intent to afford the plaintiff a remedy for certain losses. After enumerating in detail the specific subject matter of the claim, and conferring jurisdiction to adjudicate, the statute goes further and expressly directs an adjudication upon the basis of the “ fair and reasonable rental and the value of the property taken and used as aforesaid.” The statute is a remedial one, and in view ■of its numerous provisions clearly evidencing an intent to remedy an alleged loss, we think it clearly susceptible to a ■construction in accord with the judgment awarded.
The proof is sufficient to sustain the claim. The court' has heretofore found the plaintiff’s decedent loyal, and nothing has been shown to authorize a contrary finding. There •can, however, be no recovery for the $5,270 worth of property mentioned in Finding IX; the same disappeared from the plantation, but what ultimately became of it is not •satisfactorily proven.
Under the facts found in Findings III, V,- and VIII, the plaintiff is entitled to a judgment for $21,818.13. It is so ordered.
GRAham, Judge; Hay, Judge; DowNey, Judge; and Caaipbell, Chief Justice, concur.