Hay, Judge,
delivered the opinion of the court:
The plaintiff alleges that the United States on April 25, 1919, entered into an oral contract with it to deliver 2,422,298 gallons of gasoline at 20|- cents per gallon, which the plaintiff was to assemble and to deliver to the United States tanker Weildreeht at New Orleans on May 5, 1919. It is further alleged that the plaintiff by April 30, 1919, was ready to comply with its contract, when the United States on April 30,1919, canceled the contract, whereby the plaintiff claims it suffered a loss of $194,101.21. It is also alleged that no delivery was made of the gasoline.
Eevised Statutes, section 3144, provided: “ It shall be the duty of the Secretary of War, of the Secretary of the Navy, and of the Secretary of the Interior, to cause and require every contract made by them severally on behalf of the Government, or by their officers under them appointed to make such contracts, to be reduced to writing, and signed by the contracting parties with their names at the end thereof.” Unless there is some modification of the above law it is manifest that the plaintiff can not recover.
The plaintiff, however, insists that under the terms of the act of Congress found in 38 Stat. 1078, it is entitled to recover. That statute provides: “ That hereafter, whenever contracts which are not to be performed within sixty days are made on behalf of the Government by the Quartermaster General or by officers of the Quartermaster Corps authorized to make them, and are in excess of $500 in amount, such contracts shall be reduced to writing and signed by the contracting parties. In all other cases, contracts shall be entered into under such regulations as shall be prescribed by the Quartermaster General.”
This contract was to be performed within 60 days, but was in excess of $500. It was therefore not a contract in the purview of the above-quoted statute. That statute dealt only with contracts which were not to be performed within 60 days and which were in excess of $500. In other words that act conferred upon the Quartermaster General and his *521 officers the right to make contracts orally when they were to •be performed within 60 days and when'they were not in excess of $500. If they were not to be performed within 60 days and if they were in excess of $500, they were to be reduced to writing.
The meaning of that clause of the statute, which provides “In all other cases, contracts shall be entered into under such regulations as shall be prescribed by the Quartermaster General,” is that all contracts which are to be performed in 60 days, and which are not in excess of $500, shall be entered into under regulations prescribed by the Quartermaster General. This contract was in excess of $500, and therefore does not come within the provisions of that clause of the statute.
It is plain from the allegations of the petition that the contract therein set out does not come within any of the provisions of this statute.
Revised Statutes, section 3744, is mandatory. A contract on behalf of the Government must be reduced to writing and signed by the contracting parties. It is admitted that the contract sued upon was oral, and also that none of the goods contracted for were delivered. The demurrer of the defendant must be sustained, and the petition of the plaintiff dismissed.
Graham, Judge, and Campbell, Chief Justice, concur.
Downey, Judge, concurs in the conclusion.