# WESTERN PACIFIC RAILROAD COMPANY *v.* UNITED STATES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 287. Argued November 19, 20, 1924.—Decided May 11, 1925.

1. Where transportation bills at land-grant rates bore endorsements sufficiently notifying government officers that payment at those

rates to the railroad was not accepted in final settlement, the railroad was not barred by acquiescence from further claiming the difference between the amounts received and the lawful tariff fares. See *So. Pacific Co.* v. *United States, ante,* p. 263.   P. 274.

2. Claims accruing more than six years before beginning the action in the Court of Claims are barred by Jud. Code § 156.   P. 275.

3. The provision of Rev. Stats. § 3477 that all transfers and assignments of any claim against the United States shall be absolutely null and void unless made after the allowance of such claims and the ascertainment of the amount due, does not apply to a transfer of claims through a judicial sale under an order of court. *St. Paul Railroad* v. *United States,* 112 U. S. 733, distinguished. P. 275.

59 Ct. Cls. 67, reversed.

APPEAL from a judgment of the Court of Claims rejecting claims of a railroad for transporting passengers for the Government.

*Mr. George Francis Williams,* with whom *Mr. Henry C. Clark* was on the brief, for appellant.

*Mr. Merrill E. Otis,* Special Assistant to the Attorney General, with whom the *Solicitor General* was on the brief, for the United States.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This case, which was heard with *Southern Pacific Co.* v. *United States, ante,* p. 263, just decided, is a similar action brought by the Western Pacific Railroad to recover the difference between the land-grant rates and the full tariff rates for the transportation of passengers carried at the request of the Government. The Court of Claims, on its findings of fact, entered judgment dismissing the petition.   59 Ct. Cls. 67.

The petition covers claims for transportation services alleged to have been furnished between September 24,

1914, and June 18, 1916,[1] (a) by the Western Pacific Railway, a predecessor in title of the claimant; (b) by receivers of the property of said Railway appointed in a suit brought against it by a Trustee in a Federal District Court in California; and (c) by the claimant, which became the purchaser of the property of said Railway under a sale made in the said suit.

The material facts, as found, are as follows: During the period in question the Western Pacific Railway—which had entered into the so-called land-grant equalization agreements[2] for the transportation of troops of the United States at land-grant rates—the receivers in the said suit, and the claimant, successively carried as passengers, on Government requests, various discharged and retired soldiers, discharged military prisoners, and other persons. Bills for the transportation of such persons were presented by the Railway, the receivers, and the claimant, respectively, on land-grant vouchers, claiming land-grant rates, as in the *Southern Pacific Case, supra.* In all cases, however, there was typewritten on the vouchers before they were presented, an endorsement in the following form: "As United States Government accounting officers claim that they have no authority to allow or pay for the transportation of [here is typewritten the class of travel objected to] more than the fares for troops of the United States, such fares are shown herein but under protest, and the Western Pacific Railway Co. for itself and connecting carriers does not waive [?] of its rights to full publish—tariff fares and payment of any less amount will be accepted as part payment only for the services performed." All these vouchers were presented to the Government disbursing officers, and were paid by

---

[1] On the hearing other claims covering transportation furnished by the claimant after June 18, 1916, the effective date of the so-called "interterritorial military arrangement," were withdrawn.

[2] *Southern Pacific Co.* v. *United States, supra.*

55627°—25——18

them in the amounts of the land-grant rates, as claimed; and all these payments were accepted by the Railway, the receivers and the claimant, respectively.

Pursuant to a sale made under a decree in the Trustee's suit in the District Court the claimant acquired by a special master's deed all the property, assets and choses in action belonging to the Western Pacific Railway or to its receivers. In 1920, after payment had been received of all the land-grant vouchers, the claimant presented to the proper accounting officers of the Government supplemental claims covering the balance of the full passenger fares on all the transportation in question. These were disallowed; and the claimant on February 2, 1921, brought the present action.

1. It is not questioned that in the light of the decision in *United States* v. *Union Pacific Railroad*, 249 U. S. 354, none of the classes of persons here in question can be regarded as troops of the United States, and that the claimant and its predecessors would have been entitled originally to compensation at the full passenger rates. The Government contends, however, that—as was held by the Court of Claims—the action of the claimant and its predecessors in voluntarily presenting their bills at land-grant rates and accepting payment thereof, precludes the recovery of the balance of the full rates to which they would otherwise have been entitled. In this aspect the present case is in all respects similar to the *Southern Pacific Case*, *supra*, and is controlled by the decision therein; and on the authority of that decision we hold that the endorsements on the vouchers sufficiently notified the Government officers that the payment of land-grant rates was not accepted in final settlement of the transportation claims, and that the Government has not established an acquiescence in the payment of such rates which discharges the claims for the remainder of the full tariff fares.

2. All the claims which accrued more than six years prior to the beginning of the present action are, however, barred by the express provision contained in § 156 of the Judicial Code. This was recognized by the Court of Claims, and is not here questioned.

3. The Government further contends that as to the claims for transportation furnished by the Western Pacific Railway and its receivers, which were acquired by the claimant under the special master's deed, a recovery is precluded by § 3477 of the Revised Statutes. This section provides, *inter alia,* that all transfers and assignments of any claim against the United States, shall be "absolutely null and void," unless made after the allowance of such claims and the ascertainment of the amount due. The object of this section is to protect the Government and prevent frauds upon the Treasury. It applies only to cases of voluntary assignment of demands against the Government, and does not embrace cases where there has been a transfer of title by operation of law. *United States* v. *Gillis,* 95 U. S. 407, 416; *Erwin* v. *United States,* 97 U. S. 392, 397; *Goodman* v. *Niblack,* 102 U. S. 556, 560; *Price* v. *Forrest,* 173 U. S. 410, 421. And see *Seaboard Air Line* v. *United States,* 256 U. S. 655, 657. In *Price* v. *Forrest, supra,* p. 422, it was specifically held that this section did not apply to the assignment of a claim to a receiver under the order of a court, this being "the act of the law." So here the sale to the claimant of so much of the claims as had accrued to the receivers for transportation furnished by them, was clearly a transfer by operation of law and did not come within the prohibition of the statute.

As to the claims for the transportation that had been previously furnished by the Western Pacific Railway, the Government relies upon *St. Paul Railroad* v. *United States,* 112 U. S. 733, 736, in which there was a general statement—not necessarily involved in the decision of the

case—that a voluntary transfer of a claim against the United States, by way of mortgage, finally completed and made absolute by a judicial sale, falls within the prohibition of § 3477. We need not now determine the effect to be given to this general statement, nor whether it could have any application where the mortgage does not specifically transfer existing claims against the United States. In any event it has no application to the present case. The findings of fact do not show that these claims were included in any mortgage executed by the Railway or were acquired by the claimant through its foreclosure, but merely that they were acquired through a judicial sale pursuant to a decree of the court. So far as appears from the findings this was merely a sale of assets of the Railway not covered by a mortgage, bringing the case in this aspect within the doctrine of *Price* v. *Forrest, supra,* as a transfer of the claims by operation of law.

We conclude that on the facts found § 3477 does not preclude the recovery of any of the claims in suit.

The judgment of the Court of Claims is accordingly reversed, and the cause remanded to that court for further proceedings in conformity to this opinion.

*Reversed.*