Campbell, Chief Justice,
delivered the opinion of the court:
This case was brought under a special jurisdictional act authorizing it, approved February 19, 1925 (43 Stat. 1574),. and reading as follows:
“That the Court of Claims is hereby authorized and directed to hear, consider, and render judgment in the matter of the claim of the Export Oil Corporation, a corporation organized under the laws of the State of Delaware, against the United States, growing out of an alleged contract between the said corporation and the United States through the Director of Purchase and Storage of the Quartermaster Corps of the War Department of the United States in the j^ear of 1919, whereby the said corporation agreed to furnish and the United States to accept and pay for at a stipulated price a .certain quantity of gasoline to be delivered to the United States tanker W'eildrecht at New Orleans, Louisiana, on or before May 5, 1919, which contract, it is alleged, was breached by the United States to the,damage of the said corporation. For the purposes of considering this claim, the Court of Claims is directed to disregard the provisions of Revised Statute 3774 [3744] requiring such contracts to be in writing, and shall base its judgment as to the legality of the contract wholly upon the law of contracts as applied in commercial usages. If the court finds that there was such a contract and that there was a breach thereof by the United States, and that because of said breach the said corporation was damaged, then the judgment shall be in such amount as may to the court seem proper to compensate the corporation therefor: Provided, That the judgment shall be limited to the amount of the actual cost of the gasoline on the date of its final sale, including shrinkage, demurrage, insurance, freight, and storage charges, less the amount received therefor. Notice of such suit shall be served on the Attorney General of the United States, who shall appear and defend the suit on behalf of the Government.”
*349 The material facts are not in dispute, nor is there any question as to the amount of the recovery, if any be allowable. That the Export Oil Corporation suffered a loss of $112,159.76, occasioned by the breach by the Government of a verbal contract in July, 1919, is not questioned, but is conceded by the Government’s brief. In a prior suit by the Export Oil Corporation, brought in this court, the defendant’s demurrer was sustained because of an absence of a written contract between the parties, as required by section 3744, Revised Statutes (57 C. Cls. 519). The jurisdictional ,act removes this impediment to the maintenance of a suit, .and the findings of fact show the breach of the contract, the damage occasioned by that, breach, and the several items for which recovery may be had under the terms of this act.
The defendant insists, however, that the Export Oil Corporation can not maintain the suit and that the Constant Refining Company should not be permitted to intervene, and makes other contentions relative to the right of either of these companies to recover. These contentions make im■portant a history of the transactions appearing from the facts. After the jurisdictional act was passed suit was brought in this court by the Export Oil Corporation by petition, filed March 19, 1925. Prior to that time a suit had been instituted in the District Court of the United States for the Eastern District of Oklahoma to foreclose a mortgage or deed of trust executed by the Constantin Refining Company to certain trustees to secure an issue of bonds. This Constantin Refining Company was a parent company, so to speak, and the Export Oil Corporation was one of its subsidiaries, a large block of the latter’s capital stock being included in the mortgage. By proceedings had in this foreclosure suit, the Export Oil Corporation became a party to that suit and the receivershiji of the parent company’s assets was extended to the property of the Export Oil Corporation •on July 25, 1923, nearly tfwo years before the petition was filed in this court. There was a decree of foreclosure and a sale duly made under it. In the meantime, there had been formed a bondholders’ protective committee and this committee, having caused to be organized a new corporation, bought in the property of the Constantin Refining Com *350 pany, at the foreclosure sale, and in due course transferred and conveyed the same to this new corporation — the Constant Eefining Company. On March 8, 1925, the district court entered another decree in said cause, No. 3011, directing-the sale of all property of every kind of the Export Oil Corporation, including any claim which that company or its receivers then had against the United States. On April 10, 1925, a sale was made at public auction under this decree of March 3 by a master duly appointed by the court to make the same and the property and claims so sold were purchased by the Constant Eefining Company. This sale' was confirmed by the court, and in pursuance of the decree of sale and order confirming it, the special master executed a deed to the Constant Eefining Company conveying all of the property of every character and description of the Export Oil Corporation, including its claim against the United States.
It thus appears that prior, to the institution of the present suit the Export Oil Corporation was in the hands of receivers, but the conclusion which the defendant deduces from this fact is not correct, that conclusion being that the title to the claim in question was in the receivers. These receivers were mere custodians pendente lite of the property. See Quincy, etc., Railroad Co. v. Humphreys, 145 U. S. 82, 97. Speaking of the effect of the appointment of a receiver,, the Supreme Court said in Chicago Union Bank v. Kansas City Bank, 136 U. S. 223, 236, that “ the utmost effect of his appointment ,is to put the property from that time into, his custody as an officer of the court for the benefit of the party ultimately proved to be entitled, but not to change the title, or even the right of possession, in the property.” A receiver is an officer of the court appointing him. As is said, in the frequently cited case of Booth v. Clark, 17 How. 322, 331, “ He has no powers except such as are conferred upon him by the order of his appointment and the course and practice of the court,” and the court may not authorize him to sue in a foreign jurisdiction. See Great Western Mining Co. v. Harris, 198 U. S. 561, 576. The receivers of the Ex. *351 port Oil Corporation were not authorized to sue the United States, and at the time of their appointment the jurisdictional act under which alone this suit is maintainable had not been enacted. When it was enacted the only party having title to the claim was the Export Oil Corporation, which wras still in existence as a corporation and has remained so. The suit was therefore properly instituted in its name. But shortly after the suit was brought the claim asserted in this suit was transferred by its sale under the court’s order to the Constant Refining Company, which company has intervened and seeks in this su,it to secure the fruits of its ownership of the claim. That the ownership acquired in virtue of the sale and transfer made under the court’s order is not an assignment of the claim in contravention of the statute, section 3477, Revised Statutes, but is a transfer by operation of law, is well settled. See Seaboard Air Line Railway v. United States, 256 U. S. 655; Western Pacific Co. v. United States, 268 U. S. 271, 275. Nor is there any force in the defendant’s contention that any right of the Constant Refining Company is barred by the statute of limitations. Whatever may have been the condition in this respect, if no su,it had been brought within six years by anyone, the fact is that a suit was brought by the Export Oil Corporation within that period. And it may be that the effect of the jurisdictional act was to remove the bar of the statute if the bar had fallen. See Irby, 57 C. Cls. 60, 63. But apart from the latter suggestion, there was a suit pending, and before its determination the claim asserted passed by operation of law to another, who presents himself asking that his rights be respected. In these circumstances the Constant Refining Company should be allowed to intervene and assert its rights and showing itself to be the legal owner of the claim the court’s judgment should be so molded as to give effect to that ownership. This can best be done by awarding judgment ,in favor of the Export Oil Corporation for the use of the Constant Refining Company. And it is so ordered.
Moss, Judge; Geaham, Judge; and Booth, Judge, concur.