## In re GERSTENZANG.

District Court, S. D. New York.
Oct. 23, 1933.

Nathan B. Fogelson, of New York City, for Irving Trust Co., trustee.

Herbert S. Klein, of New York City, for claimant, Isidore Abrams.

PATTERSON, District Judge.

A refund by the United States due to the bankrupt's overpayment of customs duties is claimed by the trustee in bankruptcy on the one hand, and by the purchaser of certain property of the bankrupt estate at the final meeting of creditors on the other hand. The matter comes up on review of a ruling by the referee in favor of the trustee. It appears that the dispute arose informally in the course of a meeting called to reopen the estate and to elect a trustee to administer the newly discovered assets, but both parties stipulated on the argument that the matter should be treated as if a formal proceeding in reclamation had been brought by the purchaser, that all papers on file in the proceeding should be deemed before the court although not included among those attached to the referee's certificate, and that the point should be decided on the merits.

The facts are undisputed. At the final meeting of creditors on July 15, 1932, the trustee's attorney announced that there were stocks to be sold and then named some ten holdings of stocks. Bidding followed, one Abrams being the highest bidder at $25. The referee then announced that the "accounts" were sold to Abrams. The order entered on

November 22, 1932, directed the trustee to sell its right, title, and interest in "the accounts receivable" to Abrams and to execute a bill of sale. By the bill of sale dated December 20, 1932, however, the property conveyed was "the securities sold at the final meeting of creditors held on July 15, 1932."

The bankrupt's claim against the United States passed to his trustee in bankruptcy, notwithstanding the provisions of 31 USCA § 203, forbidding the assignment of such claims. Erwin v. United States, 97 U. S. 392, 24 L. Ed. 1065. And the claim was one that could be sold by the trustee pursuant to order of the bankruptcy court, such a transfer being by operation of law and therefore not within the statute. Western Pacific R. Co. v. United States, 268 U. S. 271, 45 S. Ct. 503, 69 L. Ed. 951. See, also, Bray v. United States Fidelity & Guaranty Co. (C. C. A.) 267 F. 533.

It seems clear that what Abrams actually acquired was only the stocks. The minutes of the meeting show that the trustee intended to sell nothing more. It is true that the referee spoke of accounts, but this was an inadvertence by which no bidder could have been misled. It is also true that the order thereafter entered directed the trustee to deliver a bill of sale covering the accounts receivable, but this likewise was an inadvertence. The bill of sale is determinative of the matter, and by that instrument the purchaser obtained title to only the stocks. Even if it be granted therefore that a refund of customs duties would be comprehended in a sale of accounts receivable, the purchaser did not purchase or acquire title to the bankrupt's claim for refund.

The referee's order will be affirmed, and the refund adjudged the property of the trustee.