**In re POTTASCH BROS. CO., Inc.**

District Court, S. D. New York.

April 10, 1935.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Delbert M. Tibbetts, of New York City, of counsel), for trustee.

Earl D. Deremer, of New York City (Reynolds C. Massey, of Newark, N. J., of counsel), for claimant.

PATTERSON, District Judge.

A fund of some $11,000 came into the hands of the trustee in bankruptcy by way of refund of excess customs duties paid by

the bankrupt to the United States. The Central-Illinois Company brought a proceeding for payment of the fund to it. The referee denied relief, and the matter is here on petition to review.

The bankrupt had borrowed large sums of money from the Central-Illinois Company and had assigned to it as collateral security various notes, warehouse receipts, and claims. Among the claims purported to be assigned were certain claims against the United States for excess duties paid. The Central-Illinois Company concedes that the assignment of these claims was in violation of section 3477 of the Revised Statutes as amended (31 USCA § 203), to the effect that transfers of claims against the United States shall be void. At the time it was not aware of the statute. After bankruptcy the Central-Illinois Company filed proof of claim for some $400,000 as a partly secured claim. The proof of claim described the security held or claimed to be held, including the claims against the United States. The trustee negotiated with the Central-Illinois Company and with another bank for a compromise or settlement of their claims and reached an agreement for the withdrawal of the claims. The agreement of settlement was not reduced to formal document. It is set forth, however, in the petition filed by the trustee for approval of the compromise, as follows: " * * * as a result of said negotiations said Banks have agreed to withdraw their claims, amounting as aforesaid to the sum of approximately $450,000, upon condition that all outstanding accounts receivable, notes receivable and claims in bankruptcy now in the hands of Irving Trust Company, or in any wise appearing on the books of the bankrupt or otherwise as of January 27, 1932, shall be assigned to Central Illinois Co. and Chase National Bank, and upon the further condition that an order be entered herein providing that upon the withdrawal of said claims your petitioner and this estate shall have no further claim to any collateral held or claimed to be held by them."

The prayer in the trustee's petition was for an order that on withdrawal of said claims "your petitioner and this estate shall have no further claim to any collateral held or claimed to be held by said creditors."

At the hearing of the trustee's petition, the referee approved of the settlement without alteration or modification. In the formal order of approval, dated April 15, 1932, however, there was a slight variance. The order, drafted by the trustee's attorneys and signed by the referee, read that on withdrawal of the claims the trustee "shall have no further claim to any collateral heretofore pledged and now held by said Central Illinois Co. and Chase National Bank as security for their claims." The words "or claimed to be held," appearing twice in the petition, were omitted. The omission was not deliberate; it was an inadvertence pure and simple.

At the time of these transactions the trustee had no knowledge of the existence of the bankrupt's claims against the United States, beyond the constructive notice given by the proof of claim filed by the Central-Illinois Company. The latter was of course aware of the existence of the claims, but, as already noted, supposed that the assignment of them as collateral security was a valid assignment. Thereafter, in December, 1932, the trustee, believing that the estate was entirely liquidated, filed its final report, and the estate was in due, course closed and the trustee discharged. Later it was learned that the claims against the United States had been allowed. The estate was then reopened, and the Central-Illinois Company brought the present proceeding to obtain the moneys received by the trustee from the United States.

The referee denied relief. He took the view that the bargain intended by the parties was that all outstanding claims of the bankrupt estate should pass to the two banks; that the order approving the settlement should have followed the language of the petition and confirmed in the Central-Illinois Company all collateral "held or claimed to be held" by it; but that the order as actually signed did not carry the claims against the United States, and that he had no power to revise the order. I am of opinion that the referee erred in dismissing the petition.

The settlement made by the trustee, as shown by its petition for approval of the settlement, was that the estate should have "no further claim to any collateral held or claimed to be held" by the Central-Illinois Company. It may be assumed that strictly the words "collateral held" did not cover the claims against the United States, because the bankrupt's purported assignment of them was violative of statute. But the further words "or claimed to be

held" clearly covered the claims· in question. The referee by oral ruling at the hearing approved the settlement as described in the petition.

The inadvertent omission of the phrase "or claimed to be held," in the formal order of approval, was only a clerical error. All courts have inherent power to correct clerical errors at any time, to make the judgment entry correspond with the judgment rendered. Freeman on Judgments, §§ 145, 146; Hickman v. Fort Scott, 141 U. S. 415, 12 S. Ct. 9, 35 L. Ed. 775; United States v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 59 L. Ed. 129. In the matter of approving the settlement, the referee was the court (Bankruptcy Act, § 27 (11 USCA § 50); General Order 12, 11 USCA following section 53), was exercising the judicial authority (White v. Schloerb, 178 U. S. 542, 546, 20 S. Ct. 1007, 44 L. Ed. 1183; Gilbertson v. United States, 168 F. 672, 674 (C. C. A. 7), and had as ample power as a judge would have to correct clerical error in an order made by him, to make the record speak the truth. The case relied on by the referee in refusing relief, In re Faerstein, 58 F.(2d) 942 (C. C. A. 9), was one where the referee tried to set aside his own order on the merits and is not in point here. The order of April 15, 1932, should have been corrected so as to conform to the decision actually made and so as to transfer to the Central-Illinois Company the collateral "held or claimed to be held" by it.

The trustee suggests that a transfer of the claims against the United States pursuant to order of the court would be void. A transfer by a trustee in bankruptcy of a bankrupt's claim against the United States, pursuant to order of the bankruptcy court, is regarded as a transfer by operation of law and not in violation of the act forbidding assignments of such claims. Such a transfer has no tendency to promote traffic in claims against the United States and is not within the spirit of the statute. Western Pacific R. Co. v. United States, 268 U. S. 271, 45 S. Ct. 503, 69 L. Ed. 951; Bray v. United States Fidelity & Guaranty Co., 267 F. 533 (C. C. A. 4); In re Gerstenzang, 5 F. Supp. 904 (D. C. N. Y.).

The referee's order will be reversed. The net proceeds of the claims against the United States formerly held by the bankrupt will be ordered paid over to the Central-Illinois Company.