**UNITED STATES of America,**
**Appellant,**

**v.**

**TRANSOCEAN AIR LINES, INC., et al.,**
**Appellees.**

**No. 23933.**

United States Court of Appeals
Fifth Circuit.

Aug. 15, 1967.

Certiorari Denied Jan. 15, 1968.
See 88 S.Ct. 784.

**80**

Harvey L. Zuckman, Alan S. Rosenthal, Attys., Dept. of Justice, Washington, D. C., for appellant.

Joseph A. Perkins, John H. Gunn, Miami, Fla., for appellees.

Before WASHINGTON,* TUTTLE and SIMPSON, Circuit Judges.

TUTTLE, Circuit Judge:

This is the third appeal of this case. Appellee Transocean, now a bankrupt, was one of several irregular air carriers engaged in transportation for the Government during the Korean conflict. A dispute arose between the carriers and the Government as to the basis for compensation for their services. The carriers brought suit in the District Court for the Southern District of Florida, and the Government admitted jurisdiction under the Tucker Act, 28 U.S.C.A. § 1346. On appeal, United States v. Associated Air Transport, 5 Cir., 275 F.2d 827, this Court set out the standards under which the carriers, including Transocean, were to be compensated. The case was remanded to the District Court for further proceedings. Representing Transocean in that litigation were Jeptha F. Marchant and Joseph A. Perkins who, in a contingent fee arrangement, were given a one-third interest in any recovery obtained.

Following remand of the *Air Transport* case, and before any money judgment had been entered in Transocean's favor, the air carrier was adjudged a bankrupt. At this point, the United States and the trustee in bankruptcy in California, with the approval of the bankruptcy court for the Northern District of California, stipulated settlement of the Florida litigation for $75,000 by a credit against the Government's larger claim against the bankrupt's estate. The trustee asked to have the Florida suit dismissed with prejudice, and dismissal was entered by the clerk. Marchant and Perkins then filed a motion in the Florida District Court reciting that as a result of the compromise in the Northern District of California, they were entitled to a minimum of $25,000 for their services.

The District Court of Florida entered judgment vacating the clerk's entry of dismissal and awarded $75,000 to Transocean based upon the compromise in the Northern District of California. Following entry of the judgment, Marchant and Perkins petitioned the Court for

---

* Senior Judge, D.C. Circuit, sitting by designation.

a charging lien on the judgment of one-third, or $25,000. The petition was granted.

The United States appealed from both the judgment for Transocean and the order allowing the lien thereon in favor of Transocean's counsel. This Court affirmed the judgment and order in United States v. Transocean Air Lines, Inc., 5 Cir., 356 F.2d 702. Based on our opinion in that appeal, the Florida District Court then granted appellees Marchant and Perkins a judgment directly against the United States in the sum of $25,000 and reduced Transocean's judgment to $50,000. This action was not authorized by our opinion and mandate in that case, and accordingly we reverse.

Our affirmance of the district court's action in United States v. Transocean Air Lines, supra, was founded primarily on the procedural ground that the trustee in bankruptcy was not a party to the litigation and hence could not stipulate its dismissal. F.R.Civ.P. 41. The secondary ground for affirmance was that an attorney's charging lien cannot be defeated even by a stipulated dismissal by the parties, where the attorney, is not given notice. 5 Moore's Federal Practice 1025, Par. 41.02; Ingold v. Ingold, S.D.N.Y.1939, 30 F. Supp. 347.

With regard to the second ground, the government raised several contentions. It was our language used in disposing of these contentions which the district court mistakenly construed as authorizing a judgment directly against the United States.

We dismissed the government's contention that there was "no basis for the entry of a judgment for $25,000." The issue here was not the validity of the judgment declaring the existence of the lien. The government contested the figure of $75,000 as the arithmetical basis for computation of the one-third lien. The government's position was that the $75,000 stipulation was not a settlement, as such, of the Florida litigation but a contractual promise to allow a set-off which was conditioned upon dismissal of the Florida suit. We rejected this argument.

The government had earlier contended that no lien existed. In distinguishing the case relied upon by the government, we noted that our decision in United States v. Associated Air Transport, supra, had determined Transocean's right to recover and the formula by which the amount of recovery was to be calculated. We said, "The judgment was such as ripened the charging lien of counsel and gave to them a vested right to participate in the recovery." This does not go so far as to authorize an independent judgment directly against the United States.

The right to participate in a judgement res is altogether different from a cause of action directly against the judgment debtor. We are told that the law of Florida authorizes such a judgment, predicated upon a charging lien, directly against a private debtor. As against the United States, however, we are of the opinion that such a procedure is precluded by the doctrine of sovereign immunity as well as by the government's right to set-off against Transocean.

Transocean's claim against the United States was brought under the limited consent granted in the Tucker Act. Appellees' claim, on the other hand, stems solely from their contract with Transocean, and is dependent upon the law of Florida which allows the transmutation of a lien against a judgment into a judgment against the debtor. The right to sue the United States cannot be granted by State law nor acquired through contractual relationships with third parties. The right can be acquired only by the specific consent of Congress, which is not present here. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058.

Furthermore, it cannot be said that this suit is authorized as an assignment of Transocean's Tucker Act claim. First, the consent granted in the Tucker

Act was exhausted when Transocean acquired its final judgment. Appellees are only entitled to participate in the judgment *res* if there be any. The Tucker Act does not authorize continued assignments and suits against the sovereign.

Second, there could be no valid assignment of Transocean's claim to appellees. A contingent fee in a judgment against the United States is an assignment subject to the Anti-assignment Act, 31 U.S.C. § 203. Kearney v. United States, 285 F.2d 797, 152 Ct.Cl. 202 (1961). As such it is invalid unless created in compliance with the provisions of the Act, which include the required issuance of a warrant for payment by the Comptroller General. The comptroller, however, is authorized to withhold payment of any debt owed by the government with respect to which the government has a right of set-off. 31 U.S.C. § 227. Here it is apparent that the government's claims against Transocean may far exceed Transocean's $75,000 judgment against the United States. While the record before us does not permit us to determine the state of accounts between the parties, it is clear that there is much more involved in the propriety of entering such a judgment against the United States than the simple defense of sovereign immunity. This is true because were we to sanction this proceeding, the way would be clear for a government creditor, owing the United States a larger amount than his own claim, to prevent an off-set by permitting an attorney's lien to be created against the claimed fund (here a judgment against the United States). The entry of judgment for appellees against the United States would deprive the government of the right to set-off any debts owed to it by Transocean. This demonstrates the need for application of the doctrine of sovereign immunity in such a case.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.