This case is before the court on defendant’s motion for summary judgment and plaintiffs cross-motion for an order striking affirmative defenses. On the basis of the submissions, but without oral argument, we deny defendant’s motion and grant plaintiffs motion.
Defendant entered into a contract with the Independent Church of God in Christ under which defendant agreed to *907 reimburse the Church for its participation in a food program for children. The Church purchased the food for this program from plaintiff. Plaintiff alleges that defendant did not pay the Church all of the money due under the purchase contract. This allegedly caused the Church to default on its obligations to plaintiff, and plaintiff secured a judgment against the Church in the Supreme Court, State of New York, County of Queens. Pursuant to this judgment, the Church’s claim against the government for its participation in the food program was transferred to plaintiff by a "Sheriffs Certificate of Sale of Personalty.”
Defendant has raised three affirmative defenses in its answer to the petition: that plaintiff lacks standing to sue; that the assignment to plaintiff is barred by 31 U.S.C. § 203[1] and 41 U.S.C. § 15;[2] and that the petition fails to state a claim upon which relief can be granted. Subsequently defendant moved for summary judgment, ostensibly only on the last two grounds, but its contention that plaintiff has failed to state a claim appears to rest on the asserted lack of standing.
In support of its motion for summary judgment, defendant relies primarily on 41 U.S.C. § 15 rather than 31 U.S.C. § 203. Assuming that the Church’s obligations under the contract were completed, its rights were in the nature of a claim for money. Insofar as 41 U.S.C. § 15 prohibits an assignment of a completed contract, it should be construed in harmony with 31 U.S.C. § 203 which prohibits (with certain exceptions) the assignment of claims against the government.
Section 203 applies only to voluntary transfers, and not to assignments by operation of law. United States v. Aetna Casualty & Surety Co., 338 U.S. 366 (1949); Quarles Petroleum Co. v. United States, 213 Ct. Cl. 15, 551 F. 2d 1201 (1977). A sale of property by a receiver appointed by a *908 court has been held to be a transfer by operation of law which is outside the scope of the statute against the assignment of claims. Western Pacific Railroad v. United States, 268 U.S. 271 (1925). In reliance on this case, this court has held that a transfer from and subsequent return to a debtor-in-possession under Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 701 et seq., were not barred assignments since both the transfer and return were approved by the bankruptcy judge. Rel-Reeves, Inc. v. United States, 221 Ct. Cl. 263, 606 F. 2d 949 (1979). A sheriffs sale in execution of a judgment is similar in nature to the "judicially compelled” sales in the above cases, and defendant has not attempted to offer any meaningful distinctions. Therefore, the transfer to plaintiff of the Church’s claim against the government is not barred by 31 U.S.C. § 203 and, for the same reason, is not barred by 41 U.S.C. § 15.
Defendant’s other ground for summary judgment is that there is no contract between the government and plaintiff, and that plaintiff has no standing to sue on a contract to which it was not a party. As the above cases implicitly recognize, however, a party owning a claim, the assignment of which is not barred by statute, has standing to sue on the claim in this court.
Accordingly, defendant’s motion for summary judgment is denied, plaintiffs motion to strike the three affirmative defenses raised by defendant is granted, and the case is remanded to the trial division for further proceedings.

 31 U.S.C. § 203 provides, in part: "All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, * * * shall be absolutely null and void, * *

 41 U.S.C. § 15 provides, in part: "No contract or order, or any interest therein, shall be transferred by the party to whom such contract or order is given to any other party, and any such transfer shall cause the annulment of the contract or order transferred, so far as the United States are concerned. All rights of action, however, for any breach of such contract by the contracting-parties, are reserved to the United States.”