Clinton D. TUCKER, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 619–82T.

United States Claims Court.

Jan. 31, 1985.

E. John Eagleton, Tulsa, Okl., for plaintiff.

David C. Hickman, Washington, D.C., with whom is Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## ORDER

REGINALD W. GIBSON, Judge.

This matter, an income tax refund suit, was tried before this court in Tulsa, Oklahoma, on October 10 and 11, 1984. Thereafter, by motion filed December 7, 1984, counsel for plaintiff (counsel) moved for an "... Order directing the Clerk of the Court to file the attached attorney's lien ...." The purpose of said motion is to assure the payment of counsel's attorney's fees in subject case against any tax refund plaintiff might receive as a result of a favorable judgment.

Counsel for plaintiff avers that the legal basis of his motion is grounded on the fact that attorney's liens are created by statute

in Oklahoma, pursuant to 5 O.S.A. § 6, which provides, *inter alia,* that:

> *From the commencement of an action* ... the attorney who represents the party in whose behalf such pleading is filed *shall* ... *have a lien upon his client's cause of action* ... and the same *shall attach* to any ... *judgment* in his client's favor .... (Emphasis added.)

It is further contended that enforcement of the lien is made efficacious by merely serving and filing notice thereof. Counsel states that the grant of said motion is imperative because on October 23, 1984, he mailed said lien to the Clerk of this court for filing, whereupon the Clerk refused to file the lien and returned it, advising that attorney's liens were forbidden by the Anti-Assignment statute and *Pittman v. United States,* 127 Ct.Cl. 173, 116 F.Supp. 576 (1953), *cert. denied,* 348 U.S. 815, 75 S.Ct. 23, 99 L.Ed. 642 (1954).

In opposition to subject motion, defendant strenuously objects on the grounds that —(1) the United States cannot be sued without its consent; (2) sovereign immunity has not been waived allowing counsel for plaintiff to sue the government for any refund due plaintiff up to the amount of such attorney's fees; and (3) since counsel cannot bring a suit directly against the United States to enforce his rights to any state statutory liens, *a fortiori,* he may not file an efficacious lien to protect rights not otherwise enforceable in *this* court, citing *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

Plaintiff's counsel argues, on the other hand, that the attorney's lien here in issue does not fall within the "proscription of the [A]nti-[A]ssignment statute or the decision in *Pittman,* because it [*i.e.,* the lien] *is a creature of statute and not a voluntary assignment.*" Thus, counsel contends that said act does not prohibit the enforcement of such liens, citing *Western Pacific Railroad Co. v. United States,* 268 U.S. 271, 45 S.Ct. 503, 69 L.Ed. 951 (1925); *Brooks v. Mandel-Witte Co.,* 54 F.2d 992 (2d Cir. 1932), *cert. denied,* 286 U.S. 559, 52 S.Ct. 641, 76 L.Ed. 1292 (1932); *Sherwood v. United States,* 112 F.2d 587 (2d Cir.1940).

Our legal analysis begins with a focus on the operative language of the Oklahoma statute, 5 O.S.A. § 6, which is the sole legal basis asserted by counsel's motion and which provides that the attorney "[f]rom the commencement of an action ... shall ... have a lien upon his client's cause of action ... and the same shall attach to any ... judgment in his client's favor ...." Thus, by attempting to file the notice and lien in this court, prior to the allowance of a claim and the issuance of a warrant for payment, *counsel seeks to perfect an interest, to the extent of attorney's fees, in his client's claim or cause of action against the government.*

The thrust of counsel's threshold position appears to be, therefore, that said statute (5 O.S.A. § 6), *ipso facto,* confers power on this court to enforce such state-created lien against the United States (even absent a waiver of sovereign immunity) and plaintiff. No definitive case authority has been cited to the court by counsel for the plaintiff which is supportive of this novel position. Additionally, counsel also has failed to cite to any specific federal statute pursuant to which such attorney's fee liens may be *recognized and enforced* in this court. Given the foregoing, the dispositive issue, therefore, appears to be whether this court without more (*i.e.,* an enabling federal statute) has jurisdiction to enforce such an attorney's lien.

■ It is observed that the Anti-Assignment statute was enacted for the purpose of preventing unrelated third parties, not in privity with the government, from acquiring an enforceable interest in a claim against it. *Pittman,* 127 Ct.Cl. at 180, 116 F.Supp. at 580. Additionally, it has been stated that the purpose of the statute was to prevent possible multiple payment claims, to make unnecessary the investigation of alleged assignments, and to enable the government to deal only with the original claimant. More importantly, its purpose is also to protect the United States regarding defenses which it has to claims

by an assignor by way of set-off, counterclaim, etc., which might be inapplicable against an assignee. 127 Ct.Cl. at 180, 116 F.Supp. at 581. In short, the defendant argues that the Anti-Assignment statute is a complete bar to the grant of counsel's motion, citing *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

The court notes that the *Sherwood* case, *supra*, the most recent one cited to by plaintiff's counsel, was overruled by the U.S. Supreme Court (favorable to defendant) and is the *same* case relied on by defendant. In that case, the New York Supreme Court, acting under authority of a state statute, had issued an order authorizing a judgment creditor to maintain a suit in the U.S. District Court under the Tucker Act to recover damages from the United States for breach of its contract with the judgment debtor. Analogously, in the case at bar, plaintiff's counsel asserts that pursuant to an Oklahoma statute (5 O.S.A. § 6) this court is equally vested with the power to permit counsel (a creditor) to enforce a state-created lien in this court as against the United States and plaintiff.

 Except and to the extent that Congress has consented, it is clear beyond cavil that there is no jurisdiction in the U.S. Claims Court to entertain suits against the United States. *Sherwood*, 312 U.S. at 587, 61 S.Ct. at 770. Furthermore, maintenance of such action in this court implies the relinquishment of sovereign immunity. In that connection, it is well settled that consent to be sued must be strictly construed and not implied. *Connolly v. United States*, 1 Cl.Ct. 312, 314, 554 F.Supp. 1250 (1982), *modified*, 716 F.2d 882, *cert. denied*, —— U.S. ——, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). Moreover, if the relief sought in this court is against persons other than the United States, the suit as to them is beyond the Claims Court's jurisdiction. Likewise, if a suit's maintenance against private parties is prerequisite to prosecution of the suit against the United States, the suit must also be dismissed. *Sherwood*, 312 U.S. at 588, 61 S.Ct. at 770.

In *Sherwood*, because the adjudication of the right of the judgment creditor to proceed via the suit upon the contract of the judgment debtor with the United States was prerequisite to any recovery from the United States in enforcing the state-created lien, the U.S. Supreme Court found that the judgment creditor's cause of action could not be maintained in the U.S. Court of Claims (now the U.S. Claims Court). As the Court there pointed out, the judgment debtor would be entitled to attack the judgment creditor's suit; and as to that extent, the adjudication of that issue was not within the jurisdiction of the Court of Claims. Similarly, in the present case, the relief sought is against plaintiff himself and thus "against others than the United States." *Sherwood*, 312 U.S. at 588, 61 S.Ct. at 770.

Were this court to grant plaintiff's counsel's motion and issue an order directing the Clerk of the court to file such attorney's lien, the government, to protect its interests, would necessarily be required not only to litigate the tax refund claim upon which it has consented to be sued, but also to make certain that plaintiff's counsel's right to enforce the state-created lien is properly adjudicated, as against plaintiff's right to challenge the efficacy of said lien. "The Government's consent to litigate [the attorney's lien issue] is hardly to be inferred from its consent to be sued [in the income tax refund suit]." *Sherwood*, 312 U.S. 584, 592, 61 S.Ct. 767.

Further guidance on this issue is found in *United States v. Transocean Air Lines, Inc.*, 386 F.2d 79 (5th Cir.1967), *cert. denied*, 389 U.S. 1047, 88 S.Ct. 784, 19 L.Ed.2d 839 (1968). In *Transocean*, the District Court granted judgment against the United States for fees due attorneys pursuant to a contingent fee arrangement. Florida law authorized, predicated upon a charging lien, a judgment directly against a judgment debtor. In overturning the lower court's decision, the Court of Appeals held that "[t]he right to sue the United States cannot be granted by State law nor acquired through contractual relationships with third parties. The right can be ac-

quired only by the specific consent of Congress, which is not present here." *Transocean,* 386 F.2d 79, 81, citing *Sherwood,* 312 U.S. 584, 61 S.Ct. at 767.[1]

■ Whereas Transocean's claim against the United States was brought under the limited consent granted under the Tucker Act, Transocean's attorneys' claim stemmed solely from their contract with Transocean, and was dependent upon the law of Florida which allows the transmutation of a lien against a judgment into a judgment against the debtor. Similarly, counsel for plaintiff in the present case is seeking, pursuant to an Oklahoma statute, to perfect an interest, to the extent of attorneys' fees, in his client's claim or cause of action and any resulting judgment against the government and must fail for the precise reasons expressed in *Sherwood* and *Transocean.*

In light of the foregoing, this court is of the opinion and finds that it is without jurisdiction to grant plaintiff's counsel's motion. Therefore, said motion for an order directing the Clerk to file the lien is DENIED.

IT IS SO ORDERED.

---

1. Transocean's attorneys then filed a suit for attorneys' fees in the Court of Claims which was dismissed based on principles of collateral estoppel. *Marchant v. United States,* 198 Ct.Cl. 998 (1972).