**Theodore Daniel PIERCE, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–482.

United States Court of Veterans Appeals.

Jan. 23, 1995.

As Amended Feb. 10, 1995.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Judges.

### ORDER

PER CURIAM.

On December 19, 1994, Mr. Anthony J. Colucci of the law firm of Block & Colucci

submitted a motion, on behalf of the firm, to withdraw as counsel, to have an attorney's lien established, and for a stay of proceedings in six cases. He states that, on October 10, 1994, the attorney of record in this case, Michael J. Kanaley, Jr., was terminated from the firm. The law firm asserts that *N.Y.Judiciary Law* § 475 (McKinney 1994) entitles it to a lien against any proceeds that may result from any Court decision and a right to retain file materials until the firm receives any such proceeds. The firm also states that Mr. Kanaley was the only attorney practiced in handling veterans' matters, and asks that it be allowed to withdraw as counsel.

The Court notes, at the outset, that three of the cases, *Louis St. George, Michael F. Cerami,* and *Rocco J. Venezia,* are no longer on the Court's docket. No appeal was ever filed in *Paul T. Simme,* although the Board of Veterans' Appeals (BVA) issued a decision on January 24, 1992. No appeal was ever filed in *Lewis W. Gaul,* and it appears that the BVA has never issued a decision in that matter. Therefore, the instant appeal is the only matter affected by the motion.

■ With regard to the attorney's lien, the Anti–Assignment Act, 31 U.S.C. § 3727 (Act), governs the assignments of claims where the assignment involves a transfer or assignment of any part of a claim against the U.S. government or of an interest in the claim, or the authorization to receive payment for any part of the claim. A state attorney's lien statute cannot operate against the Federal government unless the requirements of the Act have been met or waived. *See also Knight v. U.S.,* 982 F.2d 1573 (Fed. Cir.1993); *Schwartz v. U.S.,* 16 Cl.Ct. 182 (1989); *Tucker v. U.S.,* 7 Cl.Ct. 374 (1985); and *Kearney v. U.S.,* 285 F.2d 797, 152 Ct.Cl. 202 (1961) (a contract between an attorney and a client which gives the attorney an interest in the client's claim against the government is exactly what the Anti–Assignment Act forbids).

■ At this Court, attorney's fees are governed by the provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412, and 38 U.S.C. § 5904, neither of which provide for recovery of attorney's fees by means of an attorney's lien filed under a state statute.

Therefore, the government has not waived its sovereign immunity in the instant case, except to the extent provided in the two statutes, above.

■ With regard to the motion to withdraw as counsel, Rule 46(d)(1) of the Court's Rules of Practice and Procedure provides that appearances may not be made in the name of a law firm or other organization. It follows, then, that a motion to withdraw may not be made in the name of a law firm, especially where, as here, the entry of appearance was made by an attorney at the law firm at the time. Moreover, Rule 46(d)(2) provides that a representative may not withdraw without the Court's permission upon motion and written notice to the client and all other parties who have appeared. The motion must describe efforts made to notify the client of the motion.

Upon consideration of the foregoing, and considering the instant motion as one for leave to file the same, it is

ORDERED that leave to file is granted. It is further

ORDERED that the motion as it relates to an attorney's lien against any proceeds awarded in the instant appeal is denied. It is further

ORDERED that the motion as it relates to withdrawal of the firm as counsel in the instant matter is denied as moot, the firm being unable and thus having never been considered to have appeared in this appeal. The Clerk is directed to include the motion and attachments in the Clerk's file. Mr. Kanaley's authority and duty will continue. It is further

ORDERED that the motion to stay proceedings is denied.